582 F.2d 1250
 Elmer EATON and Donovan Eaton, Plaintiffs-Appellants,
v.
WEAVER MANUFACTURING CO., an Illinois Corporation,
Defendant, Volkswagen of America, Inc., a
corporation, and Volkswagen South
Central, Inc., a corporation,
Defendants-Appellees.
 Nos. 76-1650, 76-1651.
 United States Court of Appeals,
Tenth Circuit.
 Argued and Submitted Sept. 29, 1977.
Decided Sept. 5, 1978.
 
 John M. Merritt, Oklahoma City, Okl. (D. Chad Ransdell, Oklahoma City, Okl., on the brief), for plaintiffs-appellants.
 Larry D. Ottaway, Oklahoma City, Okl. (Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Okl., on the brief), for defendants-appellees.
 Before SETH, Chief Judge, HOLLOWAY, Circuit Judge, and BRIMMER, District Judge.*
 HOLLOWAY, Circuit Judge.
 
 
 1
 This is an appeal from a judgment dismissing plaintiffs' complaints as to defendant-appellee Volkswagen South Central, Inc., on the ground that a state court judgment deciding that there was no personal jurisdiction over defendant had, Inter alia, reached the merits of the jurisdictional issue and as such is res judicata, precluding relitigation thereof between these parties on these claims in any trial court in Oklahoma.
 
 
 2
 Plaintiffs originally filed suits in the District Court of Oklahoma County, Oklahoma, each alleging that he was injured in the course of his employment with Gangas-Whitfield Volkswagen (hereinafter Gangas-Whitfield), with whom defendants Volkswagen South Central, Inc. (hereinafter Volkswagen South) and Volkswagen of America, Inc. (hereinafter Volkswagen)[1] were contractually related in a franchisorfranchisee relationship. Each plaintiff claimed he was injured while operating an allegedly defective lift machine manufactured by defendant Weaver, which caused a vehicle which was being lifted to fall, injuring plaintiff.[2] Plaintiffs' specific allegations relevant to this appeal are that Volkswagen South, franchisor was negligent in failing to notify Gangas-Whitfield, franchisee, that certain modifications were required to make the lift safe and suitable for elevating certain new model Volkswagens.
 
 
 3
 In both cases the state court ultimately sustained defendant Volkswagen South's motions to quash and pleas to the jurisdiction of the court, although its Journal Entries stated no findings or specific grounds for the ruling. The orders entered August 24, 1973, read in pertinent part as follows:
 
 
 4
 (T)he Court having considered said motion with attached affidavit and brief, and the records on file in this case, and having heard argument of counsel . . . (t)he Court is of the opinion that it does not have personal jurisdiction over the defendant Volkswagen South Central, Inc. (R. I, 23; R. II, 283-84).[3]
 
 
 5
 Subsequently within one year, pursuant to 12 O.S. § 100,[4] plaintiffs filed actions in the federal district court on the same claims as were before the state court. Both Volkswagen South and derivatively, Volkswagen, were named as defendants in the federal complaints.[5] In motions to dismiss filed in both cases, defendants urged that the rulings made by the state court were res judicata and therefore binding determinations that the exercise of in personam jurisdiction over these defendants was not authorized in any court in the State of Oklahoma.
 
 
 6
 In a Memorandum Opinion and Order in March 1975 the district court found:
 
 
 7
 . . . The State court did not delineate the reasons for ordering the dismissal of Volkswagen South. . . . It is crucial to this action, however, that the ground could have been the unavailability of the long-arm statute and thus the inaccessibility of all the courts of this State to such litigation, or a ground based upon a curable defect which would not preclude bringing suit without such defect in a court in the State. Angel v. Bullington, 330 U.S. 183 (67 S.Ct. 657, 91 L.Ed. 832) (1947). This Court cannot by surmise infer a bar. (R. I, 175).
 
 
 8
 The court proceeded to require hearing on the merits of the jurisdictional issue, but the hearing was continued pending further discovery. While the federal jurisdictional question was pending, defendants filed a Motion for Clarification of Journal Entry in state court with respect to the previous judgment respecting Volkswagen South. The state court judge did not enter any order in response to this motion, but did, on December 22, 1975, write a letter (R. I, 237) to attorneys for both parties in which he noted:
 
 
 9
 The Court is therefore of the opinion that the judgment of August 24, 1973, with respect to Volkswagen South Central, Inc., should be clarified by containing the finding that while said defendant maintains the necessary contacts with the State of Oklahoma to authorize the Court to exercise jurisdiction over it, this cause of action did not arise from such contacts and the Court does not have jurisdiction over said defendant for the purpose of this suit. (R. I, 238).
 
 
 10
 Although the judge said that the judgment "should be clarified," we are not advised of any corrective judgment or order being entered.
 
 
 11
 Subsequently on January 16, 1976, the attorneys for plaintiffs and defendants appeared before the state court judge in open court. At this hearing the court stated that at the time of his August, 1973, order of dismissal as to Volkswagen South, the court had not considered the franchisor-franchisee relationship as a possible basis for in personam jurisdiction over Volkswagen South, noting, "All those things (liability under the franchisor-franchisee relationship) were not before me." (R. V, 9-10, 11, 13).
 
 
 12
 After the state court's letter and this January, 1976, hearing, the defendants filed in the federal district court a Motion to Reconsider the Opinion and Order of March 1975, asking the court to vacate that order on the ground that the state court had entertained defendant's Motion for Clarification of Journal Entry with respect to the judgment regarding Volkswagen South, and that that clarification establishes a binding determination in the defendants' favor.
 
 
 13
 The federal district court reconsidered its previous order in light of the state court's letter of December 22, 1975, and that court's determination as revealed in the transcript of the state court hearing held on January 16, 1976, and dismissed the suits against Volkswagen and Volkswagen South, noting that:
 
 
 14
 . . . (I)t is clear that the (state) court's ruling was not based upon the characterization of Volkswagen South's activities, but the absence of a nexus between any contacts with this state and the claims asserted. . . . Such determination reaches to the merits of the jurisdictional issue and precludes relitigation thereof between these parties on these claims in any trial court in (Oklahoma). (R. I, 241-42).
 
 
 15
 Plaintiffs then made a motion for new trial, attaching to their brief an affidavit executed on May 17, 1976, by the state court judge, wherein he stated in part:
 
 
 16
 That I made no ruling as to whether any alleged breaches of duties of said defendant, alleged to arise under its franchisor/franchisee relationship, were or were not related to plaintiff's injuries.
 
 
 17
 That I made no ruling as to whether said defendant, in its franchisor/franchisee relationship as alleged, did or did not have sufficient contacts to invoke the jurisdiction of my court.
 
 
 18
 There was no evidence presented as to the latter two issues. (R. I, 251).
 
 
 19
 The federal district court denied the motion for a new trial and the plaintiffs bring this appeal.
 
 I.
 
 20
 On appeal, plaintiffs first argue that the federal court could not look behind the face of the state court judgment, after the state court term had ended, to determine what findings might support application of the doctrine of res judicata, especially where there are no notes or memoranda by the state court judge and the findings did not appear on the judgment, citing Stevens Expert Cleaners & Dyers, Inc. v. Stevens, 267 P.2d 998 (Okl.), Inter alia. (Appellants' Brief on Appeal, 6).
 
 
 21
 Further plaintiffs contend that even if evidence presented to the federal court by affidavit, the state court judgment and the like were competent, it does not show that the state court made a finding that Volkswagen South's contacts were not the nexus of plaintiffs' injuries, and that the record fails to establish a basis for applying res judicata. (Id. at 25, 30-34). And plaintiffs say that the duty of Volkswagen to act as a consultant and require modifications of the lift and to warn dealers of making modifications arose under defendant's franchisor-franchisee relationship, which is the gravamen of the federal court complaint; that the affidavit of the state court judge clearly shows there was no evidence before him and no ruling by him as to whether such acts in connection with the franchisor-franchisee relationship were related to plaintiffs' injuries; and that therefore the federal court's Memorandum and Order is clearly in error as to what the state court had ruled in the state action. (Id. at 36-37).
 
 
 22
 At the outset we should note that in connection with various statements made by the state court judge, subsequent to his rulings, the parties all discuss the appropriateness and effectiveness of an order nunc pro tunc. Actually, we feel that the various statements by the state judge do not constitute an order nunc pro tunc and do not have the effect of such an order. A court has inherent power, by an order nunc pro tunc, to correct the record of a judgment in order that such record shall truly reflect the judgment actually rendered, and may do so at a subsequent term of court; the court has no power, by such an order nunc pro tunc, to render another and different judgment. Hawkins v. Hurst, 467 P.2d 159, 163 (Okl.).[6] In the instant case, no such order nunc pro tunc appears in our record.
 
 
 23
 We must agree that the statements of the state court judge at the hearing, his letter and his affidavit all occurring long after the entry of his judgment cannot be considered in these circumstances. In construing a judgment which is obscure, the Oklahoma courts consider the pleadings, verdicts, findings and the entire record to determine what issues were adjudged, and it will be presumed that the court intended to render a valid judgment, one only on the issues presented. Filtsch v. Sipe, 198 Okl. 356, 178 P.2d 612, 615; see also State of Oklahoma v. State of Texas, 256 U.S. 70, 88, 41 S.Ct. 420, 65 L.Ed. 831; Ridley v. Phillips Petroleum Co., 427 F.2d 19 (10th Cir.). Such matters of record should not be expanded to include statements made over a year after entry of the judgment. See Ballance v. Dunnington, 241 Mich. 383, 217 N.W. 329, 331-32. Otherwise the limitations on modification of judgments, see 12 O.S. § 1031.1, and on orders nunc pro tunc would be frustrated.
 
 
 24
 In this case, the question is whether the judgment of dismissal should be construed and limited not only by the judgment, the pleadings and the record as a whole as made in state court, but whether we should also consider the subsequent statements, affidavit, and record. We feel that to open the door to consideration of such later statements in circumstances like these would violate the limits we must respect. These subsequent matters cannot be said to fall within the pleadings, verdict or findings within the entirety of the state court record. See Filtsch v. Sipe, supra, 178 P.2d at 615. And, for this reason, we cannot agree that the federal district court erred in refusing to grant the motion for a new trial based on the subsequent affidavit of the state court judge. The effect of the state court judgment must be decided without regard to the subsequent statements presented in this case.6a
 
 II
 
 25
 It remains for us to determine the scope and effect of the state court's judgments of dismissal. The state court journal entries stated that having considered the motions to reconsider the prior orders overruling the motions to quash summons and pleas to the court of Volkswagen South, with attached affidavits and briefs, and the records on file in the cases, the court was of the opinion that it did not have personal jurisdiction over Volkswagen South, that reconsideration of the prior rulings was allowed, and that the motions and pleas to the jurisdiction of Volkswagen South were sustained and that defendant was dismissed from the suits. (R. I, 23-24; R. II, 283-84).
 
 
 26
 The final holding of the federal district court was that the state court's ruling "was not based upon the characterization of Volkswagen South's activities, but the absence of a nexus between any contacts with this state and the claims asserted . . . Such determination reaches to the merits of the jurisdictional issue and precludes a relitigation thereof between these parties on these claims in any trial court in (Oklahoma)." (R. I, 241-42).[7] We must agree that the merits of the issue of personal jurisdiction over Volkswagen South was decided by the unappealed state court judgments and that they bar relitigation of the jurisdictional issue in the instant cases.
 
 
 27
 Principles of res judicata apply to jurisdiction as well as to other issues. American Surety Co. v. Baldwin, 287 U.S. 156, 166, 53 S.Ct. 98, 77 L.Ed. 231; Consolidated Motor Freight Terminal v. Vineyard, 193 Okl. 388, 143 P.2d 610, 614.[8] In some cases, however, dismissal for want of jurisdiction is no bar to another suit. See Costello v. United States, 365 U.S. 265, 286, 81 S.Ct. 534, 5 L.Ed.2d 551; Meshek v. Cordes, supra, 22 P.2d at 925. Thus, suit may be brought again where a jurisdictional defect has been cured or loses its controlling force. See Luker v. Nelson, 341 F.Supp. 111, 115 (N.D.Ill.). Here we are not dealing with such a curable defect8a and the determination of lack of personal jurisdiction over Volkswagen South in the courts in Oklahoma is a matter as to which the bar of res judicata applies. See Fitzsimmons v. City of Oklahoma City, 192 Okl. 248, 135 P.2d 340, 342; Ripperger v. A. C. Allyn & Co., 113 F.2d 332, 333 (2d Cir.).
 
 
 28
 Since specific grounds for the dismissal were not stated in the judgments, to determine their effect we must consider the prior judgments, compare the complaints, see Ripperger at 333-34, and analyze the state court record as a whole. The petitions in the state court alleged that defendants Volkswagen and Volkswagen South were contractually related in a franchisor-franchisee relationship with the plaintiff's employer; that the defendants knew the lift was inadequate; that they had duties to require modification of the lift to fit Volkswagen vehicles and to warn franchisee dealers and employees of inadequacies, which they failed to do. (R. I, 20; R. II, 280-81).
 
 
 29
 The federal complaint alleged that the predecessor to Volkswagen South[9] had an agreement with Gangas-Whitfield (plaintiff's employer) to advise Gangas-Whitfield as to equipment including the lift; and that the plaintiff's injuries resulted from acts of negligence and breaches of duty created by the contract of Volkswagen South (and its predecessor). While the federal complaint does not allege specifically a franchisor-franchisee relationship, the brief of appellants says that the duty of defendant Volkswagen South to act as a consultant and require modifications of the lift and to warn dealers of the necessity to make modifications "arose under defendant's franchisor-franchisee relationship as pleaded in plaintiffs' federal court complaint." (Appellants' Brief on Appeal, 36). Thus, essentially the same franchisor-franchisee relationship is re-asserted in the federal suits which had been alleged in the state court pleadings.
 
 
 30
 It is true that various statements and the affidavit of the state court judge, subsequent to his journal entry of judgment, clearly say that he did not consider the franchisor-franchisee relationship in making his jurisdictional ruling. We feel, however, that in view of the limitation on matters we may consider imposed by Oklahoma decisions, see Filtsch v. Sipe, supra, 178 P.2d at 615, we cannot decide the effect of the state court's ruling on the basis of the subsequent statements. And from looking at the record before us, we believe the franchisor-franchisee relationship was before the state court when it held that personal jurisdiction over Volkswagen South was lacking. That being the case, and the jurisdictional ruling not having been appealed, the prior ruling would operate as res judicata. See Fitzsimmons v. City of Oklahoma City, 192 Okl. 248, 135 P.2d 340, 342; Fooshee v. Craig, 110 Okl. 189, 237 P. 78, 82.
 
 
 31
 In any event, the final and unappealed state court judgments involving the same claims[10] serve as res judicata as between the parties to the prior action as to all questions that were or could have been litigated in the first case. See Fooshee v. Craig, supra, 237 P. at 81-82; Schrickham v. Kay County Superintendent of Schools, 513 P.2d 110, 112 (Okl.); Jones v. Jones, 442 P.2d 319, 323 (Okl.); Jones v. Medlock, 201 Okl. 109, 202 P.2d 212, 213; Spence v. Latting, 512 F.2d 93, 98 (10th Cir.); Ripperger v. A. C. Allyn & Co., Supra, 113 F.2d at 333-34. Therefore, we are convinced that the judgments of dismissal for lack of jurisdiction of Volkswagen South operate as res judicata as to the theory of jurisdiction based on the franchisor-franchisee relationship even if that were not raised or considered in the state court, since clearly the relationship could have been presented as a basis of jurisdiction. Cf. Angel v. Bullington, supra, 330 U.S. at 193, 67 S.Ct. 657. Accordingly, the judgment of the federal district court is
 
 
 32
 AFFIRMED.
 
 
 
 *
 The Honorable Clarence A. Brimmer, Chief Judge of the District of Wyoming, sitting by designation
 
 
 [1]
 In the state court action, Volkswagen was sued independently of any relationship to Volkswagen South. The state court held
 The Court is of the opinion Volkswagen of America, Inc. is not doing business in the State of Oklahoma, and that its contacts with the State of Oklahoma are not related to the arising of the cause of action. Therefore the Motion to Quash and Plea to the Jurisdiction, filed on behalf of Volkswagen of America, Inc. should be sustained. (R. I, 42).
 Plaintiffs did not appeal this judgment and do not assert any independent jurisdiction over Volkswagen in their federal actions. However, after the state court judgment Volkswagen South was merged into Volkswagen and plaintiffs therefore urge that Volkswagen is a proper defendant since it assumed the liabilities and obligations of Volkswagen South. Because of these facts occurring after dismissal of the state court suits, and now alleged in the federal complaints, plaintiffs argue that despite any inability to sue Volkswagen of America, Inc., for its independent acts of negligence, plaintiffs are entitled to recover against Volkswagen of America, Inc. for its assumed liability of Volkswagen South Central, Inc., resulting from the merger and/or consolidation. (Appellants' Reply Brief, 6). We agree that the surviving corporation may be sued on liabilities of Volkswagen South Central which it assumed, but do not feel that this changes the jurisdictional problem.
 Both Volkswagen South Central, Inc., and the surviving corporation, Volkswagen of America, Inc. are Texas corporations, and Texas law would therefore control their consolidation. Article 5.06 of the Texas Business Corporation Act, Effect of Merger or Consolidation of Domestic Corporations, provides in part that 'such surviving or new corporation shall thenceforth be responsible and liable for all liabilities and obligations of each of the corporations so merged or consolidated; and any claim existing or action or proceeding pending by or against any of such corporations may be prosecuted as if such merger or consolidation had not taken place, or such surviving or new corporation may be substituted in its place." The surviving or new corporation has "all the rights, privileges, immunities, and powers and shall be subject to all the duties and liabilities of a corporation organized under this Act." Thus, the resulting corporation stands in the shoes, in effect, of the merged corporations.
 Therefore, if jurisdiction is found to exist as to Volkswagen South, it also exists as to its successor corporation, Volkswagen; if not, then jurisdiction is lacking as to Volkswagen.
 
 
 [2]
 Weaver Manufacturing is one of the original defendants but is not involved in this appeal. There were two separate state court suits by the plaintiffs-appellants, but their allegations and the records are essentially parallel
 In these federal cases, the claim against Weaver Manufacturing Co., has not been tried. An order was entered making the findings required by Rule 54(b), F.R.Civ.P., so that the order as to Volkswagen South is appealable. (Supp.R. I, 9).
 
 
 [3]
 As explained in Part II, Infra, the motion referred to in the orders was actually a motion to reconsider earlier rulings denying motions to quash and pleas of Volkswagen South to the jurisdiction of the court
 A precise statutory basis for personal jurisdiction over the foreign corporations is not argued in plaintiffs' appellate briefs, but various parts of the record indicate that both 18 O.S. § 1.204(a), concerning jurisdiction over foreign corporations doing business in Oklahoma, and 12 O.S. § 1701.03(a) (1), an Oklahoma long-arm statute, have been relied on to some degree. Thus, the second amended petition in state court (R. I, 36-37) and the complaint in federal court (R. I, 1) refer to defendants' doing or transacting business in Oklahoma; whereas plaintiffs' briefs in opposition to a motion to dismiss in federal court (R. I, 53, 139-40) are drafted more in the language of long-arm jurisdiction, with for example plaintiffs' injuries arising from defendants' contacts with the state.
 
 
 [4]
 At the pertinent times 12 O.S. § 100 provided that:
 If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives may commence a new action within one year after the reversal or failure.
 The Oklahoma Supreme Court has held that the failure of an action due to want of jurisdiction is such a failure otherwise than on the merits within the meaning of 12 O.S. § 100 and is sufficient to confer the right to bring a new action within the time limit. Meshek v. Cordes, 164 Okl. 40, 22 P.2d 921.
 We agree with the appellees that both plaintiffs' claims against Volkswagen and Volkswagen South on breach of warranty cannot come within 12 O.S. § 100 because when they were dismissed they could have been refiled and they are therefore not saved by 12 O.S. § 100. However, at the time of dismissal, the two year statute of limitations, 12 O.S. § 95(3), had run as to plaintiffs' claims based upon negligence and/or products liability, and these claims are therefore saved by 12 O.S. § 100.
 
 
 [5]
 See Footnote 1
 
 
 [6]
 A judgment of a trial court, unappealed from, is cloaked with such finality and solemnity after the term of court at which it was rendered, that it can be changed in no way, except as permitted, and in the manner provided by statute. Stevens Expert Cleaners & Dyers, Inc. v. Stevens, supra, 267 P.2d at 1001. In Oklahoma, a district court has the power to correct, open, modify or vacate its own judgment within 30 days after its rendition. 12 O.S. § 1031.1. After that period has expired a court of record has inherent power, by order nunc pro tunc, to correct the record of a judgment theretofore rendered by it, in order that such record shall truly reflect the judgment actually rendered. Hawkins v. Hurst, 467 P.2d 159, 163 (Okl.). This power exists independent of any statutory provision. Hawks v. McCormack, 180 Okl. 569, 71 P.2d 724, 725
 The true function of a nunc pro tunc order is to make the record speak the truth relative to the judgment or order intended by the court at the time the original judgment or order was entered. If the clerk makes a mistake or incorrectly enters a judgment or order, the same may be corrected by an order nunc pro tunc. If the court itself by inadvertence uses language in the journal entry which does not reflect the true judgment or order intended, an order may be made nunc pro tunc correcting same. Hawks v. McCormack, supra, 71 P.2d at 725. The amendment or nunc pro tunc entry may not be made to supply a judicial omission or correct an error of the court, or to show what the court might have or should have decided, or intended to decide, as distinguished from what it actually did decide. Stevens Expert Cleaners & Dyers, Inc. v. Stevens, supra, 267 P.2d at 1001.
 6a By the same reasoning, of course, we feel that the federal district court should not have considered the state judge's December, 1975 letter or his remarks at the January, 1976 hearing, in holding for the defendants on their motion to reconsider the opinion and order of March, 1975. That the federal district court did in fact consider the letter and the remarks is not prejudicial here, however, since the proper res judicata effect was ultimately given to the state court's judgments.
 
 
 [7]
 For purposes of diversity jurisdiction, a federal court is "in effect, only another court of the State." Angel v. Bullington, supra, 330 U.S. at 187, 67 S.Ct. at 659
 
 
 [8]
 We cite federal and state authorities in this opinion. However, the effect of a state court judgment as res judicata is governed by state law. See Wright v. Georgia R.R. & Banking Co., 216 U.S. 420, 429, 30 S.Ct. 242, 54 L.Ed. 544; 1A Moore's Federal Practice P 0.302(4), p. 3025
 8a Personal jurisdiction in the state court was not declined because of improper service of process, or lack of subject-matter jurisdiction. Compare Fitzsimmons v. City of Oklahoma City, 192 Okl. 248, 135 P.2d 340, with Luker v. Nelson, supra, 341 F.Supp. at 114-15.
 
 
 [9]
 The allegation refers to Intercontinental Motor Company, which merged into Volkswagen South
 
 
 [10]
 The instant federal court suit is brought on the same causes of action as were asserted in the state court and thus the narrower rule of Meyer v. Vance, 406 P.2d 996 (Okl.), giving res judicata effect only as to issues actually litigated, does not apply