**In re NORTHWEST PIPE &
CASING CO., Debtor.**

**NORTHWEST PIPE & CASING
CO., Plaintiff,**

v.

**STANDARD WHOLESALE SUPPLY
CO., Defendant.**

Bankruptcy No. 385–04996.
Adv. No. 86–0337.

United States Bankruptcy Court,
D. Oregon.

Oct. 31, 1986.

Mark LaCoq, Mark Stayer, Portland, Or., for plaintiff.

Lynnia K. Woods, Portland, Or., for defendant.

## MEMORANDUM OPINION

ELIZABETH L. PERRIS, Bankruptcy Judge.

This matter arises upon the Defendant's Motion to Dismiss for Lack of Jurisdiction, or in the Alternative, to Abstain. At the September 15, 1986 hearing, the Court noted that while the motion primarily raised issues of subject matter jurisdiction, the Defendant's argument also raised the issue of this Court's ability to assert personal jurisdiction over the Defendant. The Court ruled that it has subject matter jurisdiction over the proceeding, but declined to rule on the personal jurisdiction issue pending submission of briefs by the parties. Both par-

ties have now filed briefs, and this opinion addresses the arguments raised therein.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 3, 1985 the Plaintiff, Northwest Pipe & Casing Co., (hereinafter "Northwest Pipe"), filed for protection under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq.

On January 10, 1986, Northwest Pipe filed a Complaint for Breach of Contract against the Defendant, Standard Wholesale Supply Co. (hereinafter "Standard Wholesale"), in the United States District Court for the District of Oregon. The complaint alleged subject matter jurisdiction arising from diversity of citizenship. It contained no allegation of federal question jurisdiction.[1] On February 10, 1986, Standard Wholesale filed a Motion to Quash Service of Process, or in the Alternative to Dismiss. District Court Judge Owen Panner issued an opinion on May 16, 1986 granting Standard Wholesale's Motion upon a finding that the District Court lacked personal jurisdiction over the Defendant. The Court entered a judgment dismissing the action on May 23, 1986, and Plaintiff did not appeal that judgment.

On July 21, 1986, Northwest Pipe filed another Complaint for Breach of Contract against Standard Wholesale, this time in the United States Bankruptcy Court for the District of Oregon. With the exception of the deletion of allegations as to the diversity of citizenship of the parties and the amount in controversy, the allegations of the complaint in the District Court and the complaint in this Court, including the relief sought, are identical. While the second complaint is devoid of any jurisdictional statement, the Plaintiff argues that it is based upon federal question jurisdiction over matters arising under Title 11 of the United States Code. 28 U.S.C.A. § 1334 (West Supp.1986).

---

1. The Court pursuant to Fed.R.Evid. 201(c), takes judicial notice of the complaint found in the District Court file, Civil Number 86–49–PA.

At the time Northwest Pipe filed the complaint in District Court, at the time the parties argued the merits of the jurisdictional issue, and at the time the District Court entered its order dismissing the complaint, Plaintiff was involved in reorganization proceedings in this Court. It originally filed suit in District Court in hopes of keeping the Defendant unaware of the pendency of its Chapter 11 proceeding. Plaintiff believed its position in settlement discussions would be weakened if the Defendant knew of its financial difficulties.

Standard Wholesale's motion is based on the principles of res judicata. It contends that the District Court's dismissal for lack of personal jurisdiction over the Defendant precludes relitigation of the personal jurisdiction issue in this Court. Northwest Pipe argues in response that the doctrine of res judicata does not apply to issues of jurisdiction, and that even if it did, the only issue it would be precluded from relitigating is whether Defendant has sufficient minimum contacts with the state of Oregon in order to maintain an action based upon diversity of citizenship. Northwest Pipe contends that the issue of federal question jurisdiction was not raised in the prior proceeding, and therefore cannot be barred by the District Court dismissal.

## ISSUE

Do the principles of res judicata apply to questions of personal jurisdiction? If so, is the Plaintiff precluded from raising all grounds for personal jurisdiction, or just those raised in the prior proceeding?

## DISCUSSION

■ It is well settled that the principles of res judicata apply to the issue of personal jurisdiction in the same manner as any other issue. *Baldwin v. Iowa State Traveling Men's Assoc.*, 283 U.S. 522, 525–26, 51 S.Ct. 517, 517–18, 75 L.Ed.2d 1244 (1931); *Kendall v. Overseas Development Corp.*, 700 F.2d 536 (9th Cir.1983); and *Eaton v. Weaver Manufacturing Co.*, 582 F.2d 1250 (10th Cir.1978). The Plaintiff's assertion otherwise is apparently caused by the confusing use, and misuse, of the term res judicata. The principle of res judicata contains two distinct branches: claim preclusion, commonly referred to as res judicata; and issue preclusion, commonly referred to as collateral estoppel. As explained by the Court of Appeals for the Ninth Circuit:

Res judicata encompasses two subsidiary doctrines, claim preclusion and issue preclusion. Under claim preclusion a final judgment on the merits of a claim bars subsequent litigation on that claim. Claim preclusion 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.' The related doctrine of issue preclusion, or collateral estoppel, bars relitigation, even in an action on a different claim, of all 'issues of fact or law that were actually litigated and necessarily decided' in the prior proceeding. *Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir.1985) (Citations omitted.).

When a case is dismissed for want of personal jurisdiction, it does not result in a judgment on the merits of the claim. Fed. R.Civ.P. 41(b). Nor does it result in a final judgment for claim preclusion purposes because the only thing that has been litigated is the preliminary issue of personal jurisdiction; the merits of the claim have never been litigated. But, when dismissal for lack of personal jurisdiction is allowed to become final without appeal, there is a final determination of that single issue. Therefore, when the preclusive effect of the dismissal is raised in a subsequent suit, the outcome is determined by application of the rules of issue preclusion. *Kendall v. Overseas Development Corp.*, 700 F.2d at 538 n. 2.

In *Kendall v. Overseas Development Corp.*, 700 F.2d 536, the Ninth Circuit Court of Appeals addressed the application of issue preclusion to a prior determination of lack of personal jurisdiction. The Court instructed that if the litigation was be-

tween the same parties and based on the same cause of action, the trial court is to compare the pleadings and judgment and determine whether the plaintiff has pleaded any new facts that would support a different result on the issue of jurisdiction. In so doing, the Ninth Circuit adopted the analysis used by the Tenth Circuit in *Eaton v. Weaver Manufacturing Co.,* 582 F.2d 1250, (10th Cir.1978).

▪ In the case at bar, a comparison of the pleadings shows that no new facts have been pleaded in this second action. If the Court reads in the implicit reference to federal question jurisdiction which the Plaintiff claims to assert by merely filing in Bankruptcy Court, the only new factual allegation is that of federal question jurisdiction. Such allegation, which could have been pleaded in the prior action,[2] but which the Plaintiff chose to forgo at that time, is not a new fact which will defeat the preclusive effect of the prior judgment. *Eaton,* 582 F.2d at 1257. The basis for federal question jurisdiction existed, and was known to the Plaintiff at the time the first complaint was filed in District Court. If the District Court complaint had been filed prior to the filing of the bankruptcy petition, the invocation of federal question jurisdiction in this proceeding would be a new fact. Since this ground for jurisdiction existed at the time of the District Court action, the Court cannot consider the assertion to be tantamount to pleading a new fact which cures the jurisdictional defect of the prior proceeding.

The Plaintiff argues that even if issue preclusion applies, it only prevents relitigation of questions pertinent to diversity jurisdiction because that was the only issue litigated and actually decided in District Court. In other words, the Plaintiff asks the Court to define issue so that the only

thing precluded is the actual legal arguments raised in the prior proceeding. The Ninth Circuit rejected such a narrow construction of the term issue in *Starker v. United States,* 602 F.2d 1341 (9th Cir.1979). In that case, the Court held that an earlier judgment between the plaintiff's son and the Government as to the applicability of 26 U.S.C. § 1031, acted to bar relitigation of the application of that stature in subsequent litigation involving substantially the same facts. The Court reached this conclusion despite the Government's assertion of a new legal theory to support the statute's application. The Circuit Court relied partially upon the factors suggested in the *Restatement of the Law (Second) Judgments* to determine the scope of the term issue. 602 F.2d at 1344. While those factors are difficult to apply to personal jurisdiction questions, the Comments to Section 27 of that treatise make it clear that issue is to be defined broadly enough to preclude relitigation of all legal arguments in support of a particular position, whether or not those arguments were raised in the prior action. *Restatement of the Law (Second) Judgments* § 27, at 252–255 (1982).

It is also apparent that the Courts in *Kendall* and *Eaton* used the term issue to mean the entire subject of personal jurisdiction for which a factual basis existed in the prior action. In *Eaton,* the Court states that the plaintiff is precluded from raising a new argument in support of personal jurisdiction whether or not that specific argument was raised before, "since clearly the [argument] could have been presented as a basis of jurisdiction [in the earlier proceeding]." 582 F.2d at 1257.

Application of the doctrine of issue preclusion to bar the relitigation of the issue

---

**2.** 28 U.S.C.A. § 1334(b) (West Supp.1986) provides: "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Although the District Court has referred "all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to cases under Title 11", Local Rule 2101-1, to this Bankruptcy Court, that act did

not divest the District Court of jurisdiction over this proceeding. In fact, absent consent of the parties, the Bankruptcy Court lacks jurisdiction to enter a final Order in this non-core proceeding. In non-core proceedings, the Bankruptcy Court prepares Findings and Conclusions for submission to the District Court. The District Court reviews the Findings and enters a final Order. 28 U.S.C.A. § 157(c) (West Supp.1986).

of personal jurisdiction in the case at bar does not work an unfairness on the Plaintiff. While the case is not on point, the Supreme Court decision in *Brown v. Felson,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) is instructive on the policy to be furthered by application of the principle of res judicata. In *Brown,* the Court refused to apply claim preclusion to bar relitigation of a cause of action which had been subject to a final judgment in a state court collection proceeding. The debtor sought to use res judicata to bar the bringing of a complaint to determine the dischargeability of the debt on the basis that the plaintiff could have, but chose not to, bring the complaint in state court on a non-dischargeable basis. The Supreme Court held that it would be unfair to force a plaintiff, involved in litigation with a non-bankrupt defendant, to litigate issues which had no special significance at that time, but which would take on special significance if the defendant should decide to file bankruptcy. To require plaintiffs to do so would only serve to unnecessarily complicate relatively simple cases.

This case is markedly different from *Brown* in that the first proceeding took place after the bankruptcy petition was filed, and it was the debtor who initiated the litigation. When the issue of personal jurisdiction was raised, the Debtor-Plaintiff had incentive to litigate the issue fully. Plaintiff knew, or should have known, that it could assert federal question jurisdiction in response to the Defendant's motion. It chose not to, and must be bound by that decision. It is important to remember that this Court is a part of the District Court. A party acts at its own risk if it chooses to forgo asserting arguments in District Court with the assumption that if it loses there it can try again in the Bankruptcy Court.

The Court has read the cases cited by the Plaintiff and finds them unpersuasive. *Miller v. Saxbe,* 396 F.Supp. 1260 (D.D.C.

1975), does hold that dismissal on jurisdictional grounds is conclusive only on the jurisdictional arguments actually made, but in doing so runs contrary to what this Court considers to be the better reasoned cases. Another case cited by the Plaintiff is *Johnston v. Earle,* 162 F.Supp. 149 (D.Or.1958). That case stands for the proposition that a judgment rendered by a court lacking subject matter jurisdiction is a nullity, and matters decided in that proceeding can have no res judicata effect. The case has no bearing on the issue at hand.

The Defendant's Motion to Dismiss is granted. In light of this ruling there is no reason to separately address the abstention issue.

This Memorandum Opinion shall constitute Findings of Fact and Conclusion of Law, and pursuant to Bankruptcy Rule 7052, they will not be separately stated. Counsel of Defendant is directed to lodge and serve a judgment in accordance with the views expressed herein.[3]

---

**3.** The parties, pursuant to 28 U.S.C. § 157(c)(2), have consented to entry of judgment by this Court.