Andrew A. KENDALL, Appellant,

v.

OVERSEAS DEVELOPMENT CORPORATION, A Delaware corporation, James A. Gershman, David Garst, Appellees.

No. 82–3125.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 4, 1983.

Decided Feb. 28, 1983.

Wilbur T. Nelson, Nelson & Westberg, Boise, Idaho, for appellant.

Robert M. Tyler, Jr., Boise, Idaho, for appellees.

Before FERGUSON, BOOCHEVER and NORRIS, Circuit Judges.

BOOCHEVER, Circuit Judge:

The U.S. District Court dismissed Kendall's suit as to defendant Garst for the reason that a state court had previously dismissed a similar action Kendall had brought against Garst on the grounds of lack of *in personam* jurisdiction. Kendall appeals contending that he had the right to relitigate the jurisdictional issue. Because the federal cause of action set forth no new facts which would alter the result reached by the state court, we affirm.

Kendall originally filed suit in the Idaho state court against Overseas Development Corp., James Gershman, David Garst, and two others, claiming that the defendants were liable for failure to compensate Kendall under a contract of employment. Garst moved to dismiss on the ground that the court lacked jurisdiction over him. The state court granted the motion to dismiss on the basis of lack of *in personam* jurisdiction. No appeal was taken from that determination.

Subsequently, Kendall filed suit in federal district court for the District of Idaho, alleging basically the same cause of action as in the state court. Garst moved in the federal court to dismiss the action as to him pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. The federal court granted Garst's motion. It did not address the merits of the claim of personal jurisdiction, but dismissed on the ground that the state court determination of lack of jurisdiction was *res judicata* and determinative

as a matter of law of the issue in federal court. Kendall subsequently obtained judgment against the remaining defendants, Overseas Development Corp. and James Gershman. Kendall now appeals the dismissal of his claim against Garst for lack of personal jurisdiction.

■ The sole issue in this appeal is whether the prior state court determination of lack of *in personam* jurisdiction over defendant Garst precludes relitigation of that issue in the subsequent federal litigation on the same cause of action. It is well settled that the principles of *res judicata* apply to the issue of *in personam* jurisdiction in the same manner as any other issue. *Baldwin v. Iowa State Traveling Men's Association,* 283 U.S. 522, 525–26, 51 S.Ct. 517, 518, 75 L.Ed. 1244 (1931); *Robinson v. Robinson,* 70 Idaho 122, 212 P.2d 1031, 1035 (1949).[1] Accordingly, a final determination in the state court on the jurisdictional issue is conclusive in the subsequent federal litigation if the later suit is between the same parties, on the same issue, and if the issue sought to be precluded was actually litigated and necessary to the prior determination. 1B J. Moore & T. Currier, *Moore's Federal Practice* ¶ 0.441[2], at 3777 (2d ed. 1982); Restatement (Second) of Judgments § 27 (1980).[2] Kendall does not argue that the state court determination is not final or between different parties or that the jurisdictional issue was not actually litigated and necessary to that determination. Rather, Kendall seems to argue that the issue under litigation is one that the federal trial court should have relitigated. We conclude that the pleadings in both actions and the record in the state court indicate that application of *res judicata* was appropriate.

■ Kendall relied, in the state court action, on the Idaho long-arm statute, Idaho Code § 5–514(a) (1979),[3] to confer jurisdiction over the person of defendant Garst. In the absence of a federal rule or statute establishing a federal basis for the assertion of personal jurisdiction, the personal jurisdiction of the district courts is determined in diversity cases by reference to the law of the state in which the federal court sits. *Insurance Corp. of Ireland v. Compagnie des Bauxites,* 456 U.S. 694, 711, 102 S.Ct. 2099, 2109, 72 L.Ed.2d 492 (1982) (Powell, J., concurring); *Republic International Corp. v. Amco Engineers, Inc.,* 516 F.2d 161, 166 (9th Cir.1975); *Arrowsmith v. United Press International,* 320 F.2d 219, 226 (2d Cir.1963) (en banc). Thus personal jurisdiction in both the state and federal courts is governed by the Idaho long-arm statute. Under the Idaho long-arm statute a person is subject to personal jurisdiction in the Idaho state court if he conducts business within the state *and* the alleged cause of action arises from that conduct of

---

1. The *res judicata* effect of a state court judgment in federal court is determined by the law of the state of rendition. *See American Surety Co. v. Baldwin,* 287 U.S. 156, 166–67, 53 S.Ct. 98, 101–02, 71 L.Ed. 231 (1932); *Wright v. Georgia R.R. & Banking Co.,* 216 U.S. 420, 429, 30 S.Ct. 242, 245, 54 L.Ed. 544 (1910). However, on the issue involved in this case, application of state or federal law would result in the same preclusive effect.

2. Both parties use the term *res judicata* to describe the preclusive effect of the state judgment. The case is governed more precisely by the principles of issue preclusion, or collateral estoppel, because only the issue of personal jurisdiction is sought to be precluded. We evaluate the preclusive effect of the state judgment with reference to the requirements of that doctrine. However, for the sake of simplicity, we continue to use the term *res judicata* hereinafter.

3. The Idaho long-arm statute provides in pertinent part:

> Any person, firm, company, association or corporation, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, firm, company, association or corporation, and if an individual, his personal representative, to the jurisdiction of the courts of this state *as to any cause of action arising from the doing of any of said acts:*
> (a) The transaction of any business within this state which is hereby defined as the doing of any act for the purpose of realizing pecuniary benefit or accomplishing or attempting to accomplish, transact or enhance the business purpose or objective or any part thereof of such person, firm, company, association or corporation;

Idaho Code § 5–514(a) (1979) (emphasis added).

business. Idaho Code § 5–514(a) (1979). The Idaho state court dismissed because it found that although Kendall alleged that Garst had conducted business in Idaho, Kendall's cause of action did not arise from that business.

 Kendall correctly points out, however, that a dismissal for lack of *in personam* jurisdiction is not *res judicata* as to the merits of the claim. Kendall had the right to file another complaint on the same cause of action curing the jurisdictional defect. *See Smith v. Pittsburg Gage & Supply Co.*, 464 F.2d 870, 874 (3d Cir.1972); *Bucholz v. Hutton,* 153 F.Supp. 62, 68 (D.Mont.1957); 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1351, at 568 (1969). Kendall chose not to attempt to cure the defect in state court on appeal or by amendment. Rather, Kendall filed suit in federal district court on the same claim; the dispositive question is whether Kendall pleaded any new facts in the federal litigation that would support a different result on the issue of jurisdiction.

The Tenth Circuit addressed the present issue under very similar facts in *Eaton v. Weaver Manufacturing Co.,* 582 F.2d 1250 (10th Cir.1978). *See also Castolite Co. v. Michigan Northern Railway Co.,* 87 F.R.D. 748 (N.D.Ill.1980). In *Eaton,* a federal trial court dismissed a complaint on the basis of lack of *in personam* jurisdiction because of the *res judicata* effect of a prior state court determination of the same jurisdictional claim. The court of appeals compared the state and federal complaints and judgments and analyzed the state court record to discover if the plaintiff had alleged jurisdictional facts in federal court sufficient to warrant relitigation of the jurisdictional issue. We adopt the same analysis in the present case.

 Comparing the pleadings in both the state and federal courts indicates that Kendall did not make any new allegations in the federal court that would support a result different from that in the state court. The first six paragraphs of the federal complaint are in substance identical to the state court complaint. The last seven paragraphs allege that defendants Garst and Gershman acted in their capacities as directors of Overseas Development Corp. in such a way as to cause its insolvency and subsequent inability to compensate Kendall. Nowhere do these allegations reveal a connection with business done in Idaho. At best, Kendall alleges a different cause of action to obtain the same relief sought in the state court. Such an alteration of the nonjurisdictional allegations does nothing to cure the original lack of *in personam* jurisdiction. *See Ripperger v. A.C. Allyn & Co.,* 113 F.2d 332, 333–34 (2d Cir.), *cert. denied,* 311 U.S. 695, 61 S.Ct. 136, 85 L.Ed. 450 (1940).

The trial court is affirmed on the basis that the state court ruling is *res judicata.* Implicit in this decision is the result that the federal court was not required to relitigate the merits of the jurisdictional claim. Thus, Kendall's assignments of error in the federal court concerning quantum of proof, a preliminary pretrial determination of jurisdiction and the failure to reach the merits of the jurisdictional issue are irrelevant.

AFFIRMED.