United States Court of Appeals,

Fifth Circuit.

No. 91–1925

Summary Calendar.

Diane DECKERT, Plaintiff–Appellant,

v.

WACHOVIA STUDENT FINANCIAL SERVICES, INC., Defendant–Appellee.

June 25, 1992.

Appeal from the United States District Court for the Northern District of Texas.

Before POLITZ, Chief Judge, KING and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

This appeal arises from an action filed by Diane Deckert against First Wachovia Student Financial Services, Inc., now known as Wachovia Student Financial Services, Inc. (Wachovia),[1] in federal court after she had filed a similar action in Texas state court. The district court, relying on the prior Texas state court judgment and principles of res judicata, dismissed Deckert's lawsuit. Deckert appeals. We affirm.

I

Asserting various causes of action in connection with Wachovia's servicing of her Texas Guaranteed Student Loan, Deckert initially filed suit against Wachovia in Texas state court. Wachovia made a special appearance in the state court lawsuit and, in June 1989, the state court dismissed Deckert's lawsuit, finding that "neither Defendant nor Defendant's property are amenable to process issued by the courts of this state."[2]

---

[1] This court granted First Wachovia Student Financial Services, Inc.'s motion for substitution of party on February 4, 1992.

[2] Deckert did not appeal the state court's order of dismissal.

In January 1991, Deckert filed suit in federal district court, again asserting causes of action against Wachovia. Indeed, the allegations in Deckert's federal complaint—with the exception of one additional claim for breach of contract[3]—arise out of the same set of facts forming the basis of the state court lawsuit and are the same as the allegations in Deckert's state court petition. Wachovia filed a motion to dismiss Deckert's lawsuit under Rule 12(b)(2) of the Federal Rules of Civil Procedure, which the district court granted, on the grounds that the doctrine and principles of res judicata barred relitigation of the personal jurisdiction issue. Accordingly, the district court dismissed Deckert's action against Wachovia. Subsequent to filing a motion for new trial, which the district court denied, Deckert timely appealed to this court.

## II

The issue on appeal is whether the district court properly gave res judicata effect to the Texas state court's dismissal for lack of personal jurisdiction. Deckert contends that the district court erred in dismissing her lawsuit because (1) the state court's order of dismissal for want of jurisdiction was not a decision on the merits and (2) the federal district court's ruling prevents her from pursuing her claim in North Carolina. Wachovia, on the other hand, argues that Deckert is barred from relitigating the claims brought in the first lawsuit because of the doctrines of (1) res judicata, (2) direct estoppel, or (3) collateral estoppel.

In a federal diversity action,[4] "[a] nonresident defendant is amenable to personal jurisdiction

---

[3]Deckert alleges:

> Defendants breached the contract with Plaintiff by engaging in collection activities not allowed by the contract and by attempting to collect at a time when Plaintiff was totally physically disabled and they had knowledge of the fact. Defendant also made false statements to the Chilton Credit concerning Plaintiff.

[4]In her Complaint, Deckert sets forth two bases for the court's subject matter jurisdiction—diversity of citizenship and federal question jurisdiction. Deckert contends federal question jurisdiction exists because Wachovia "works under contract with and as agent of the United States Government." Wachovia's General Manager submitted an affidavit, stating that defendant "does not work under contract with or as an agent for the United States government. Instead [Wachovia] services student loans and these servicing activities may be subject to

... to the extent permitted by a state court in the state in which the federal court resides." *Bullion v. Gillespie,* 895 F.2d 213, 215 (5th Cir.1990), *citing Cycles, Ltd. v. W.J. Digby, Inc.,* 889 F.2d 612, 616 (5th Cir.1989); *DeMelo v. Toche Marine, Inc.,* 711 F.2d 1260, 1264 (5th Cir.1983).[5] Moreover, as the district court properly recognized, federal courts must give the same preclusive effect to state court judgments that such judgments would be afforded in the courts of the state from

---

regulation by the United States government."  The district court found that federal question jurisdiction did not exist, which finding Deckert does not appeal.

[5]At the outset, we note that the addition of the breach of contract claim in Deckert's federal complaint does not by itself invoke the Texas long-arm statute and therefore does not provide another basis for personal jurisdiction.

> A Texas court may exercise jurisdiction over a non-resident if:  (1) the Texas long-arm statute authorizes the exercise of jurisdiction;  and (2) the exercise of jurisdiction is consistent with federal *and* state constitutional guarantees. *Schlobohm v. Schapiro,* 784 S.W.2d 355 (Tex.1990);  Tex.Civ.Prac. & Rem.Code Ann. § 17.041–§ 17.042 (Vernon 1986).

*General Elec. v. Brown & Ross Int'l Distribs.,* 804 S.W.2d 527, 530 (Tex.App.—Houston [1st Dist.] 1990, writ denied) (emphasis added).

> Section 17.042 states:
>
> > In addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident:
>
> (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state;
>
> (2) commits a tort in whole or in part in this state;  or
>
> (3) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state.

Tex.Civ.Prac. & Rem.Code Ann. § 17.042 (West 1986).  Satisfaction of this statute is only the first inquiry and, even assuming Wachovia engaged in any of section 17.042's enumerated activities, a Texas court's assertion of jurisdiction over Wachovia still "requires minimum contacts with the forum state and fairness." *General Electric,* 804 S.W.2d at 530, *citing Schlobohm* 784 S.W.2d at 357; *Escalona v. Combs,* 712 S.W.2d 822, 824 (Tex.App.—Houston [1st Dist.] 1986, no writ).

> While Deckert alleges a breach of contract claim in the federal action which she did not allege in Texas state court, she asserts no additional facts giving rise to the breach of contract claim.  Indeed, the factual allegations before the federal district court are exactly the same as those before the state court.  The federal district court and the state court, therefore, had before them the same facts with which to consider whether the long-arm statute applies.

which the judgment originated. *See Kremer v. Chemical Const. Corp.,* 456 U.S. 461, 466, 102 S.Ct. 1883, 1889–90, 72 L.Ed.2d 262 (1982); *Superior Oil Co. v. City of Port Arthur,* 726 F.2d 203, 206 (5th Cir.1984), *quoting Kremer, supra; Folsom Inv. Co. v. Moore,* 681 F.2d 1032, 1035 (5th Cir.1982); *Coastal States Marketing v. Hunt,* 694 F.2d 1358, 1373 (5th Cir.1983) (citations omitted).

Our next analytical step is, therefore, to examine the preclusive effect of the state court's order dismissing Deckert's lawsuit. Under Texas law,

> "[t]he doctrine of res judicata states that a cause of action once finally determined, without appeal, between the parties, on the merits, by a competent tribunal, cannot afterwards be litigated by new proceedings either before the same or any other tribunal.' *Texas Water Rights Commission v. Crow Iron Works,* 582 S.W.2d 768, 771 (Tex.1979). "The doctrine of collateral estoppel differs in that it precludes relitigation of only those issues actually and finally decided in a prior action.' *Hanrick v. Gurley,* 93 Tex. 458, 56 S.W. 330 (Tex.1900).

*Boyne v. Harrison,* 647 S.W.2d 82, 85 (Tex.App.—Austin 1983, no writ) (footnote omitted).

As Deckert points out, Texas courts, *have* held, in various contexts, that a dismissal for "want of jurisdiction" is not a determination of the merits of the action. *See Fullerton v. Holliman,* 730 S.W.2d 168, 171 (Tex.App.—Eastland 1987, writ ref'd n.r.e.); *Brown v. Prairie View A & M Univ.,* 630 S.W.2d 405, 408 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) (citations omitted).[6] These cases are not persuasive, however, because they deal with a judgment's preclusive effect when the case was dismissed due to a lack of subject matter jurisdiction. We are concerned with the preclusive effect of a judgment dismissing an action for lack of personal jurisdiction.[7]

---

[6] *See also In re S.B.C.,* 805 S.W.2d 1, 9 (Tex.App.—Tyler 1991, writ denied) ("[a] judgment of dismissal is not an adjudication of the merits of the dismissed action"), *citing Crofts v. Court of Civil Appeals,* 362 S.W.2d 101, 104 (Tex.1962); *In re J.A.L.,* 608 S.W.2d 819, 821 (Tex.Civ.App.—Amarillo 1980, no writ).

[7] [Subject matter jurisdiction] exists when the nature of the case falls within a general category of cases the court is empowered, under applicable statutory and constitutional provisions, to adjudicate. [In personam or personal jurisdiction] exists when the statutory procedures for bringing a party within the court's control are followed, and those procedures comport with due process of law....

We must determine, therefore, the preclusive effect of the Texas state court's dismissal for lack of personal jurisdiction. Because the state court's order of dismissal is an adjudication of the issue of Wachovia's amenability to suit in Texas, Deckert may be precluded from relitigating this issue by the doctrine of collateral estoppel. In Texas, collateral estoppel precludes the relitigation of any ultimate issue actually litigated and essential to the judgment in the prior suit. *See Suber v. Ohio Medical Products,* 811 S.W.2d 646, 652 (Tex.App.—Houston [14th Dist.] 1991, writ requested), *citing Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 820 (Tex.1984). We find that the issue of Wachovia's amenability to suit in Texas is an issue that was "actually litigated ... and essential to judgment in [the state] suit." *Cf. id.; see generally Eaton v. Weaver Mfg. Co.,* 582 F.2d 1250, 1255 (10th Cir.1978) (applying Oklahoma law, court held that "the merits of the issue of personal jurisdiction ... was decided by the unappealed state court judgments and that they bar relitigation of the jurisdictional issue" in federal court).

Here, Deckert filed suit in Texas state court in 1989. Wachovia made a special appearance in the lawsuit, questioning its amenability to the jurisdiction of the Texas courts. The parties, therefore, actually litigated the question of personal jurisdiction and the Texas state court determined that Texas courts lacked personal jurisdiction over Wachovia. Deckert could have appealed the state court's decision to a Texas court of appeals, but she chose not to do so. She instead waited and then filed another lawsuit in federal court. The federal district court recognized the Texas state court judgment's effect and dismissed Deckert's lawsuit.

The Texas state court expressly held that Texas courts do "not have jurisdiction over the Defendant's person and property...." In light of the state court's finding, Deckert cannot now seek to relitigate in federal court the personal jurisdiction issue which was the basis of the state court's order of dismissal. *See Boyne,* 647 S.W.2d at 87 (" "It appears to be a recognized principle of law

---

*Bullock v. Briggs,* 623 S.W.2d 508, 511 (Tex.App.—Fort Worth 1981, writ ref'd n.r.e.), *cert. denied,* 457 U.S. 1135, 102 S.Ct. 2962, 73 L.Ed.2d 1352 (1982) (citations omitted).

that where, in a former suit, an essential issue of fact has been determined and adjudicated, the judgment therein will stop the parties from relitigating the same issue in a subsequent suit....' "), *quoting Kirby Lumber Corp. v. Southern Lumber Co.,* 145 Tex. 151, 196 S.W.2d 387, 388 (1946). Therefore, we find the district court properly dismissed Deckert's lawsuit.[8]

## III

For the foregoing reasons, we AFFIRM.[9]

KING, Circuit Judge, specially concurring:

I write briefly to note my disagreement with the way that the panel majority has handled this case and with its mandate.

Wachovia filed a motion to dismiss this suit under Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. The motion asserted that the issue of the Texas courts' jurisdiction over Wachovia had been resolved in an earlier suit between the same parties in a Texas court which was dismissed in June 1989 for lack of personal jurisdiction. The motion was accompanied by an affidavit of Wachovia's general manager to the effect that, in the two years since the Texas court had dismissed Deckert's suit, Wachovia's contacts and activities with the State of Texas had not materially changed. The district court granted the motion, holding that "the plaintiff is estopped from relitigating the issue of personal jurisdiction, at least as of the date of the state court order, in this action." The district court went on to rely, for information as to subsequent events, on the general manager's affidavit and on the failure of Deckert to file a controverting affidavit. Having granted Wachovia's motion to dismiss

---

[8]Wachovia failed to preserve for appeal purposes the issue of attorney's fees and, therefore, we decline to address its request for attorney's fees. *See Hulsey v. State of Texas,* 929 F.2d 168, 172 (5th Cir.1991) ("Issues stated but not briefed need not be considered by this Court on appeal."), *citing Morrison v. City of Baton Rouge,* 761 F.2d 242, 244 (5th Cir.1985).

[9]Our disposition of this appeal should not be construed to prevent Deckert from pursuing the substantive merits of her claim in the appropriate forum.

pursuant to Rule 12(b)(2), the district court entered a judgment dismissing the suit *with* prejudice.

All that Deckert seeks on appeal is a modification of the district court's judgment so that the dismissal will be without prejudice, thereby enabling her to proceed in North Carolina. Deckert is entitled to that, and Wachovia's 12(b)(2) motion concluded by saying that "if Plaintiff wishes to sue Student Financial, she has that right, only she must do so in North Carolina." In short, all are agreed (or, at least, all were agreed) as to what should be done here.

The district court's opinion contained, in one sentence, some unfortunate confusion, extant in the Texas cases as well, over the issues of res judicata and collateral estoppel, or claim preclusion and issue preclusion, under the circumstances that obtain here. Wachovia tries to turn that confusion to its advantage and argues, for the first time on appeal, that principles of res judicata support the dismissal of Deckert's claim on the merits. The panel opinion tees up the issue on appeal as "whether the district court properly gave res judicata effect to the Texas state court's dismissal for lack of personal jurisdiction," but goes on to decide the case on a collateral estoppel basis without distinguishing or even citing the Texas case that formed the basis for the district court's confusion.

Rather than modify the district court's judgment, and as so modified, affirm it, the panel perpetuates the confusion by affirming the flawed judgment and disposes of the flaw in a footnote by saying that our affirmance should not be construed to prevent Deckert from pursuing her claim in the appropriate forum. I hope and trust that it will not be so construed, but there was a shorter, simpler way to get there.