**Anna KITCES, Plaintiff,**

v.

**Patricia Moore WOOD, Defendant.**

**Civil Action No. 95–994.**

United States District Court,
D. New Jersey.

March 15, 1996.

Gerald B. Shenkman, Szaferman, Lakind, Blumstein, Watter & Blader, P.C., Lawrenceville, New Jersey, for Plaintiff, Anna Kitces.

James E. Mulroy, Green, Lundgren & Ryan, Haddonfield, New Jersey, for Defendant, Patricia Moore Wood.

## OPINION

ORLOFSKY, District Judge:

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(2), for Lack of Personal Jurisdiction, Fed.R.Civ.P. 12(b)(3), for Improper Venue, and Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted due to the expiration of the Statute of Limitations. The issue presented to this Court, one of first impression in this Circuit, is whether a state court's order dismissing Plaintiff's complaint for lack of personal jurisdiction should be given preclusive effect by this Court. For the reasons set forth below, I conclude that the state court's disposition of the jurisdictional issue is binding upon this Court. Therefore, Defendant's motion to dismiss the complaint is granted.

### PROCEDURAL HISTORY

On August 4, 1994, Plaintiff, Anna Kitces ("Kitces"), a resident of Burlington County, New Jersey, filed a civil complaint against Defendant, Patricia Moore Wood ("Wood"), a resident of Bucks County, Pennsylvania, in the Superior Court of New Jersey, Law Division, Burlington County. In that complaint, Kitces alleged that Wood's negligent operation of her motor vehicle caused it to collide with Kitces' motor vehicle while waiting in line at the toll booth on the Trenton–Morrisville Toll Bridge, on August 26, 1992. (Superior Court Complaint, attached to Brief in Support of Defendant's Motion to Dismiss Plaintiff's Complaint ("Defendant's Brief") as Exhibit "A"). The Delaware River Joint Toll Bridge Commission Accident Report ("Accident Report") indicates that the alleged accident occurred on the Bucks County, Pennsylvania, side of the bridge. (Accident Report, attached to Defendant's Brief as Exhibit "E").

Wood moved to dismiss the New Jersey action on the ground that the Court could not, consistent with Due Process, exercise personal jurisdiction over her. On March 17, 1995, the New Jersey Superior Court entered an Order Dismissing Plaintiff's Complaint For Lack of Jurisdiction without prejudice on the ground that the "defendant is not a citizen or resident of New Jersey and that [the] Court lacks jurisdiction over [the] defendant." (Superior Court Order, attached to Defendant's Brief as Exhibit "F"). Plaintiff did not oppose the motion and no appeal was taken from the Order of Dismissal.

Prior to the New Jersey state court's dismissal of Kitces' complaint, Kitces filed a complaint in the Court of Common Pleas of Bucks County, Pennsylvania. The Pennsylvania state court action, filed on February 10, 1995, contains claims which are virtually identical to those alleged in the New Jersey Superior Court complaint. (Bucks County Complaint, attached to Defendant's Brief as Exhibit "B"). Although neither party has attached a copy of the Order of Dismissal of the Bucks County action, Kitces admits that this action was not successful "due to the running of the statute of limitations in Pennsylvania, and non cooperation of plaintiff with counsel . . ." (Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint ("Plaintiff's Brief") at 1).

On March 8, 1995, Kitces filed a complaint in this Court which was virtually identical to the two prior complaints filed in the New Jersey and Pennsylvania state courts, respectively. It is this complaint which is the subject of Wood's Motion to Dismiss.

### Lack of Personal Jurisdiction

Wood first contends that this Court should dismiss Kitces' complaint because this Court does not have personal jurisdiction over her. Wood asserts that the issue of personal jurisdiction has already been conclusively decided by the Superior Court of New Jersey, and therefore, cannot be relitigated in this forum. Wood also claims that, notwithstanding the prior adjudication of this jurisdictional issue in state court, this Court should find independently that it lacks personal jurisdiction over her.

The issue presented is whether the New Jersey Superior Court's Order Dismissing Plaintiff's (Kitces') Complaint For Lack of Jurisdiction entered on March 17, 1995, following its determination that it lacked personal jurisdiction over Wood, should be

accorded preclusive effect in this Court. Kitces' complaint filed in this Court is virtually identical to the complaint she filed in the Superior Court. No new or different facts are alleged in Kitces' federal complaint which would impact upon a court's determination of personal jurisdiction.

In a diversity action such as this, whether a nonresident defendant is subject to the Court's personal jurisdiction is determined by the law of the state in which the district court sits. *See DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 284 (3d Cir.), *cert. denied*, 454 U.S. 1085, 102 S.Ct. 642, 70 L.Ed.2d 620 (1981); *Database America v. Bellsouth Advertising & Publishing Corp.*, 825 F.Supp. 1195 (D.N.J.1993). Accordingly, this Court must apply New Jersey law to decide the question of personal jurisdiction. Personal jurisdiction in New Jersey is governed by New Jersey Court Rule 4:4-4, the New Jersey long-arm rule. Since the New Jersey Superior Court dismissed Kitces' complaint for lack of personal jurisdiction, it has already determined that New Jersey's long-arm rule does not subject Kitces to the personal jurisdiction of a New Jersey court.

The doctrine of collateral estoppel, or issue preclusion, forecloses Plaintiff from prosecuting in this Court an action which is identical to the action dismissed by the Superior Court of New Jersey for lack of personal jurisdiction. Collateral estoppel precludes "the relitigation of an issue that has been put in issue and directly determined adversely to the party against whom the estoppel is asserted." *Melikian v. Corradetti*, 791 F.2d 274, 277 (3d Cir.1986); *Tonka Corp. v. Rose Art Indus.*, 836 F.Supp. 200, 211 (D.N.J. 1993). The principles of collateral estoppel apply with equal force to a prior determination by a court that it lacks personal jurisdiction over a party. Therefore, once a New Jersey state court has concluded that it lacks personal jurisdiction over a party, that jurisdictional issue cannot be relitigated in this Court. *See Baldwin v. Iowa State Traveling Men's Association*, 283 U.S. 522, 525–526, 51 S.Ct. 517, 517–18, 75 L.Ed. 1244 (1931) (adjudication of personal jurisdictional issue precludes subsequent relitigation of same issue);

*Deckert v. Wachovia Student Financial Services*, 963 F.2d 816, 817 (5th Cir.1992); *Kendall v. Overseas Development Corp.*, 700 F.2d 536, 538 (9th Cir.1983). *See also* 1B Moore's Federal Practice ¶ 0.405[5] at III–46–48.

In *Deckert v. Wachovia Student Financial Services*, 963 F.2d at 817, the Court of Appeals for the Fifth Circuit affirmed the district court's refusal to permit the parties to relitigate the personal jurisdiction issue, where the Texas state court had already dismissed the plaintiff's complaint for lack of jurisdiction over the defendant. Similarly, in *Kendall v. Overseas Development Corp.*, 700 F.2d at 538, the Court of Appeals for the Ninth Circuit affirmed the district court's dismissal of the complaint based upon the Idaho state court's determination in an earlier action that it lacked personal jurisdiction over the defendant. In so holding, the district court found the state court's dismissal "determinative as a matter of law of the issue in federal court." *Id.* at 527–528.

In the present case, it is undisputed that the issue of personal jurisdiction over Wood has already been presented to and decided by the New Jersey state court. The reach of this Court's power to exercise personal jurisdiction over a defendant in a diversity case is no greater than that of a New Jersey state court. Accordingly, this Court is estopped from opining on the identical jurisdictional issue which the New Jersey state court has already decided.

Kitces contends that res judicata or collateral estoppel should not apply to a decision holding that a court lacks personal jurisdiction over a defendant, since such a determination is technically not on the merits. Kitces' assertion, however, is only partially correct. While a decision that a court lacks personal jurisdiction over a party will not bar the litigation of the merits of a claim against such a party in a court of competent jurisdiction, the New Jersey Superior Court's determination that it lacks personal jurisdiction over Defendant, Wood, bars the relitigation of the jurisdictional issue in this Court.

Thus, while a dismissal for lack of personal jurisdiction is not a decision on the merits, it

is conclusive as a direct estoppel on the jurisdictional issue actually decided. *See* 1B Moore's Federal Practice ¶ 0.405[5] at III–46–48; *Kendall v. Overseas Development Corp.*, 700 F.2d 536, 539 (9th Cir.1983); *Miller v. United States*, 603 F.Supp. 1244 (D.D.C.1985). Kitces, therefore, maintains the right to file her underlying claims in a court of competent jurisdiction.[1] *See Smith v. Pittsburgh Gage & Supply Co.*, 464 F.2d 870, 874 (3d Cir.1972) (dismissal of complaint for lack of subject matter jurisdiction did not bar later suit adding additional cause of action to initial claims which gave court proper jurisdiction); *Magnus Electronics, Inc. v. La Republica Argentina*, 830 F.2d 1396, 1400 (7th Cir.1987) (holding that a dismissal for lack of jurisdiction only precludes the relitigation of the issue of whether the first tribunal had jurisdiction); *Kendall v. Overseas Development Corp.*, 700 F.2d 536, 539 (9th Cir.1983).

■■ Principles of comity and the Full Faith and Credit Act "mandate[ ] that the 'judicial proceedings' of any State 'shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken.'" *Matsushita Electric Industrial Co., Ltd., v. Epstein,* — U.S. —, —, 116 S.Ct. 873, 877, 134 L.Ed.2d 6 (U.S.1996), *citing* 28 U.S.C. § 1738.[2] Moreover, "[f]ederal courts may not 'employ their own rules . . . in determining the effect of state judgment,' but must 'accept the rules chosen by the State from which the judgment is taken.'" *Id., citing Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481–482, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982).

■ Therefore, the New Jersey Superior Court's determination that it lacked personal jurisdiction over Wood must be given the same preclusive effect in this Court that it would have in a subsequent New Jersey state court action. In New Jersey, collateral estoppel precludes the relitigation of issues already directly determined. *See Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 124 N.J. 398, 422, 591 A.2d 592 (1991). In *Watkins,* the New Jersey Supreme Court held that while a court's ruling on a threshold justiciability issue will not preclude the subsequent litigation of the merits of the case, that ruling will preclude the relitigation of that precise justiciability issue. Since the issue of personal jurisdiction was already directly before the New Jersey Superior Court and conclusively decided, the issue cannot be reexamined by a New Jersey court. *See id.* Thus, full faith and credit and comity dictate that the issue of personal jurisdiction cannot be reexamined by this Court.

Although the Third Circuit has apparently not yet been confronted with the precise issue of estoppel presented in this case, the federal courts which have addressed this issue are in agreement regarding the preclusive effect to be accorded a state court's denial of personal jurisdiction. For instance, in *Deckert v. Wachovia Student Financial Services,* 963 F.2d at 818–819, the Court of Appeals for the Eleventh Circuit affirmed the district court's dismissal of plaintiff's complaint for lack of personal jurisdiction where the same jurisdictional issue had already been presented to, and decided by the state court. Likewise, in *Eaton v. Weaver Mfg. Co.*, 582 F.2d 1250, 1255 (10th Cir.1978), the court held that the parties cannot relitigate the merits of a jurisdictional claim already decided by a state court. *See also*

---

1. The New Jersey Superior Court's dismissal of Plaintiff's complaint was "without prejudice." Therefore, while Plaintiff cannot relitigate the grounds on which that court dismissed her complaint, she can refile her complaint in a court of competent jurisdiction, subject, of course, to all the defenses available to Wood under the law of that jurisdiction.

2. 28 U.S.C. § 1738 provides, in relevant part:
   The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in

other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory, or Possession from which they are taken.

*Pickert v. Cambridge Sav. Bank*, 618 F.Supp. 286, 288 (D.D.C.1985); *Miller v. United States*, 603 F.Supp. 1244 (D.D.C.1985) (holding that district court lacked power to decide personal jurisdiction issue already decided by District of Columbia Superior Court).

■ Since the scope of this Court's long-arm jurisdiction in diversity matters is coextensive with and no greater than that of a New Jersey state court, the decision of the New Jersey Superior Court that it lacks personal jurisdiction over Wood is binding upon this Court.

### Lack of Venue

■ An examination of the applicable venue statute reveals that the District of New Jersey is clearly not the proper venue for this action since the accident did not occur in this District, nor does Wood reside in this District. *See* 28 U.S.C. § 1391.[3] Kitces contends that should this Court find that it lacks personal jurisdiction and venue, it should then transfer this action to the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1406(a) which permits a district court to transfer the venue of an action brought in an improper venue to any district where it might have initially been brought.[4] The absence of personal jurisdiction over Wood in this Court does not affect its power to transfer an action, pursuant to 28 U.S.C. § 1406(a). *Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 544 (3d Cir. 1985); *United States v. Berkowitz*, 328 F.2d 358, 361 (3d Cir.), *cert. denied*, 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964); *Database America v. Bellsouth Advertising & Publish-*

*ing Corp.*, 825 F.Supp. 1195, 1215 (D.N.J. 1993); *LaRose v. Sponco Manufacturing Inc.*, 712 F.Supp. 455, 458 (D.N.J.1989).

■ This Court may transfer the venue of an action if it finds that such a transfer is "in the interest of justice." 28 U.S.C. § 1406(a). Although a transfer of venue may be in the interest of justice, if "plaintiff could potentially face a statute of limitations bar to suit in a proper venue if [the court should] dismiss," *LaRose v. Sponco Mfg. Inc.*, 712 F.Supp. at 461, where it is clear that the statute of limitations has run in the proposed transferee district, a dismissal, rather than a transfer is appropriate. *McTyre v. Broward General Medical Center*, 749 F.Supp. 102, 104 (D.N.J.1990).

Kitces has admitted through her counsel that she has already filed a complaint regarding this same matter on February 10, 1995, in the Court of Common Pleas in Bucks County, Pennsylvania. Kitces further concedes that the Pennsylvania action was not successful "due to the running of the statute of limitations in Pennsylvania, and the non cooperation of plaintiff with counsel." (Plaintiff's Brief at 1).

Plaintiff cannot now argue that the statute of limitations should be equitably tolled since she filed, albeit erroneously, her initial complaint in the Superior Court of New Jersey within the requisite time period. (Plaintiff's Brief at 12–14). As Plaintiff concedes, the state court action filed in the Court of Common Pleas of Bucks County, Pennsylvania, was not successful "due to the running of the statute of limitations in Pennsylvania ..." *See* 42 Pa.C.S.A. § 5524.[5]

---

**3.** 28 U.S.C. § 1391(a) provides: A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

**4.** 28 U.S.C. § 1406(a) provides:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

**5.** 42 Pa.C.S.A. § 5524 provides, in relevant part:

The following actions and proceedings must be commenced within two years: ... (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another ... (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any

Just as the doctrines of issue preclusion and full faith and credit prevent the relitigation of the personal jurisdiction issue already decided by the Superior Court of New Jersey in this Court, those doctrines similarly preclude the relitigation of the statute of limitations issue in a federal court in Pennsylvania. Accordingly, since Kitces' action would be barred by the statute of limitations in the Eastern District of Pennsylvania, the jurisdiction to which she seeks to have the action transferred, I conclude that it is not in the interest of justice to transfer this action to the Eastern District of Pennsylvania.

For the above reasons, Defendant's Motion to Dismiss Plaintiff's Complaint is granted.

other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.