**Thomas J. BURNS, Plaintiff,**

v.

**LAVENDER HILL HERB FARM, INC., et al., Defendants.**

**Civil Action No. 03–2943.**

United States District Court,
E.D. Pennsylvania.

July 21, 2003.

Kevin J. Connors, Marshall, Dennehey, Warner, Coleman, et al., Wilmington, DE, for Cross–Claimant.

David J. Facciolo, Minster & Facciolo, LLC, Wilmington, DE, Carl J. Minster, Jr., Carl J. Minster, III, Jose Luis Ongay, John P. Penders, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, for Defendants.

## MEMORANDUM OPINION

RUFE, District Judge.

This case is closely related, if not identical, to another case currently pending before the Court, and in which we have already issued a ruling that controls the outcome of today's decision.[1] In *Burns v. Lavender Hill Herb Farm, Inc.*, Civ. A. No. 01–CV–7019, 2002 U.S. Dist. LEXIS 21826, at *5–13, 2002 WL 31513418, at *2–5 (E.D.Pa. Oct.30, 2002) (hereinafter, "*Burns I* "), this Court held that it lacked personal jurisdiction over three defendants named in the complaint, Suzanne I. Seubert, Christine K. Demsey and Demsey & Seubert PA (collectively, "D & S"), all residents of Delaware.[2] Soon thereafter

---

1. The factual background to this case is set forth in the Court's prior decision, and only the bare adjudicative facts are discussed herein.

2. Also named as defendants in *Burns I* were Lavender Hill Herb Farm, Inc., Marjorie S. Lamb, Helen Calder Lamb, Kathryn Elizabeth Lamb, Leslie Zuck, and Pennsylvania Certified Organic. (None of these defendants are the subject of today's ruling.) The *Burns I* complaint was dismissed with leave to file an Amended Complaint, which Plaintiff did on

Plaintiff initiated the instant matter by filing a complaint in a Delaware state court, which was subsequently removed to federal court in Delaware (hereinafter, "*Burns II* "). *Burns II* was then transferred to this district because it involves the same plaintiff, suing the same defendants (with two exceptions),[3] under nearly the same causes of action pursued in *Burns I*. Significantly, the *Burns II* complaint asserts claims against D & S, which are the subject of today's decision.

■ Citing this Court's decision in *Burns I*, D & S now move to dismiss all claims against them on the basis of *res judicata*, also known by its modern nomenclature, claim preclusion. *See generally In re Continental Airlines*, 279 F.3d 226, 232 (3d Cir.2002) (discussing evolution of doctrine of *res judicata* ). However, neither claim preclusion nor the related doctrine of issue preclusion provide a sound legal basis for dismissing the *Burns II* complaint because both doctrines require that the relevant prior litigation resulted in a final judgment on the merits. *See, e.g., Berry v. Chaves*, No. Civ.A.02–893, 2003 WL 21497557, at *1 (E.D.Pa. June 30, 2003) (issue preclusion); *Berwind Corp. v. Apfel*, 94 F.Supp.2d 597, 609 (E.D.Pa.2000) (claim preclusion). In *Burns II* the Court dismissed Plaintiff's claims against D & S for lack of personal jurisdiction, but such a dismissal is not deemed a final judgment on the merits. *Saudi v. Acomarit Maritimes Servs., S.A.*, 245 F.Supp.2d 662, 679 (E.D.Pa.2003); Fed.R.Civ.P. 41(b) (dismissal "for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19" is not "an adjudication on the merits"). After all, a plaintiff is entitled to re-file his

complaint on the same cause of action curing the jurisdictional defect. *See Compagnie des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 360 (3d Cir.1983); *Kendall v. Overseas Dev. Corp.*, 700 F.2d 536, 539 (9th Cir.1983).

Here, it appears that Plaintiff attempted to cure the defect in his *Burns I* complaint against D & S by filing in another jurisdiction. As is their legal right, Defendants obtained court rulings first removing the case to federal court, and then transferring this case to the Eastern District of Pennsylvania. For all practical purposes, the case has come full circle, and it must now return to the issue of whether this Court may exercise personal jurisdiction over D & S. This determination turns on whether Plaintiff has pleaded any new facts that would support a different result on the issue of jurisdiction. *See id.*

■ Having reviewed the complaint in the instant matter, the Court concludes that it proceeds on the same essential facts concerning D & S as those alleged in *Burns I*. Specifically, Plaintiff alleged in *Burns I* that D & S assisted other defendants in concealing a fraud and conspiring with others to obstruct justice in civil and criminal investigations into such fraud. The only facts offered in support of jurisdiction were unsupported allegations that D & S directed numerous phone calls, faxes, and packages into Pennsylvania. In *Burns II*, Plaintiff sets forth his factual allegations against D & S in greater detail, but the allegations are essentially the same. Most significantly, the *Burns II* complaint is devoid of allegations that D & S has sufficient minimum contacts with

---

November 19, 2002. Consistent with the Court's ruling, Plaintiff did not name D & S as defendants in his Amended Complaint. That case remains pending before the Court.

**3.** Pennsylvania Certified Organic and its executive director, Leslie Zuck, are not named as defendants in *Burns II;* otherwise the defendants named in the initial *Burns I* and *Burns II* complaints are the same.

Pennsylvania that might support jurisdiction. *See Imo Indus., Inc. v. Kiekert AG,* 155 F.3d 254, 259 (3d Cir.1998); *Carteret Sav. Bank, F.A. v. Shushan,* 954 F.2d 141, 146 (3d Cir.1992). Nor does Plaintiff's response to D & S's motion establish any jurisdictional facts linking D & S with Pennsylvania.[4] Therefore, for these and substantially the same reasons set forth in its October 30, 2002 Memorandum and Order in *Burns I,* the Court finds that it lacks personal jurisdiction over D & S, and they are dismissed from this suit. *See Burns,* 2002 U.S. Dist. LEXIS 21826, 2002 WL 31513418.

The motion is granted, and in order to prevent Plaintiff from recycling his claims against D & S through the courts and back to this Court, today's dismissal for lack of personal jurisdiction over Defendants Suzanne I. Seubert, Christine K. Demsey and Demsey & Seubert P.A. shall be deemed a final adjudication on the merits as that term is used in Fed.R.Civ.P. 41(b) (*"Unless the court in its order for dismissal otherwise specifies,"* dismissals for lack of personal jurisdiction are not final adjudications upon the merits) (emphasis added). An appropriate Order follows.[5]

**AND NOW,** this 21st day of July 2003, upon consideration of the Motion to Dismiss of Defendants Suzanne I. Seubert, Christine K. Demsey and Demsey & Seubert PA [Doc. # 6], and Plaintiff's Answer thereto [Doc. # 8], and for the reasons set forth above, it is hereby **ORDERED** that Defendants' Motion is **GRANTED.**

It is further **ORDERED** that all claims against Defendants Suzanne I. Seubert, Christine K. Demsey and Demsey & Seubert P.A. are hereby **DISMISSED WITH PREJUDICE.**

It is further **ORDERED** that today's dismissal for lack of personal jurisdiction over Defendants Suzanne I. Seubert, Christine K. Demsey and Demsey & Seubert P.A. shall be deemed a final adjudication on the merits as that term is used in Fed.R.Civ.P. 41(b).

It is so **ORDERED.**

---

4. The Court notes that Plaintiff did not include in his response his previous allegations from *Burns I* that D & S directed numerous phone calls, faxes, and packages into Pennsylvania. Even if he had, for the reasons set forth in *Burns I,* it would not defeat D & S's motion.

5. One additional comment is appropriate. Plaintiff argues in his opposition to D & S's motion that the Court's October 30, 2002 Order dismissing D & S from *Burns I* is defective because the Court made its ruling without having reviewed some of Plaintiff's pleadings. As the Court made very, very clear in its October 30, 2002 and November 14, 2002 Orders, the Court obtained and reviewed courtesy copies of Plaintiff's pleadings prior to rendering its decision. However, after a careful and searching review of their contents, the documents failed to persuade the Court, hence its ruling. It the Court's hope that today's decision will lay to rest any lingering confusion regarding this issue.