NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JESSICA GESSELE; ASHLEY ORTIZ; NICOLE GESSELE; TRICIA TETRAULT; CHRISTINA MAULDIN; JASON DIAZ, both on behalf of themselves individually and in addition, on behalf of the other similarly situated employees,

Plaintiffs - Appellees,

v.

JACK IN THE BOX, INC., a Delaware Corporation,

Defendant - Appellant.

No. 15-35262

D.C. No. 3:14-cv-01092-BR

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted May 4, 2015
Portland, Oregon

Before: W. FLETCHER and HURWITZ, Circuit Judges and WALTER,** Senior District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Donald E. Walter, Senior District Judge for the U.S. District Court for the Western District of Louisiana, sitting by designation.

This is an appeal from a district court order remanding to state court a putative class action by employees of Jack in the Box Inc. ("the Employees"), asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and Oregon law.

The Employees made similar claims in a previous suit. The district court found that the FLSA claims in that suit were untimely because the Employees had failed to file the written consents required in FLSA collective actions within the statute of limitations. *See* 29 U.S.C. §§ 216(b), 255(a), 256. The district court dismissed the prior action without prejudice, describing the failure to file timely consents as depriving the court of jurisdiction. Jack in the Box did not appeal.

The Employees then filed this case in state court, asserting FLSA claims not included in the previous suit. Jack in the Box removed, asserting federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under the Class Action Fairness Act ("CAFA"), *id.* § 1332(d). The district court remanded, finding the jurisdictional assertions barred by issue preclusion and judicial estoppel in light of the dismissal of the prior suit.

We have jurisdiction over Jack in the Box's appeal of the remand order under 28 U.S.C. § 1453(c)(1). We reverse and remand.

**1.** Regardless of whether the jurisdictional issues in the prior suit were correctly decided, Jack in the Box is precluded from relitigating them. *See Gupta*

*v. Thai Airways Int'l, Ltd.*, 487 F.3d 759, 767 (9th Cir. 2007); *Kendall v. Overseas Dev. Corp.*, 700 F.2d 536, 539 (9th Cir. 1983). But, issue preclusion only "forecloses relitigation of factual or legal issues that have been actually and necessarily decided in earlier litigation." *San Remo Hotel, L.P. v. San Francisco City & Cnty.*, 364 F.3d 1088, 1094 (9th Cir. 2004), *aff'd*, 545 U.S. 323 (2005). Because the prior decision did not address the timeliness of the newly asserted FLSA claims, nor did it consider CAFA jurisdiction, Jack in the Box is not precluded from invoking federal jurisdiction in this suit. The district court therefore erred in remanding any of the Employees' FLSA and state-law claims to state court.

**2.** Judicial estoppel bars a party from taking contradictory positions. *See Hendricks & Lewis PLLC v. Clinton*, 766 F.3d 991, 1001–02 (9th Cir. 2014); *United Steelworkers of Am. v. Ret. Income Plan for Hourly-Rated Emps. of ASARCO, Inc.*, 512 F.3d 555, 563–64 (9th Cir. 2008). In the first case, Jack in the Box argued that the court lacked original jurisdiction over the untimely FLSA claims, and the court therefore could not exercise supplemental jurisdiction over the state-law claims. This argument is not inconsistent with Jack in the Box's current arguments that there is no time bar to the newly asserted FLSA claims, or that the district court has CAFA jurisdiction over the state-law claims.

**3.** We agree with the district court that Jack in the Box did not waive its right to remove through its filings in the state court or its prior conduct in this litigation.

*See Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) (per curiam); *EIE Guam Corp. v. Long Term Credit Bank of Japan, Ltd.*, 322 F.3d 635, 649 (9th Cir. 2003).

**4.** For the reasons above, we **REVERSE** the district court's remand order and **REMAND** for further proceedings consistent with this disposition.