**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3635
_____

BONNIE CRUICKSHANK-WALLACE;
WILLIAM WALLACE,

                                        Appellants

v.

CNA FINANCIAL CORPORATION;
CONTINENTAL CORPORATION;
CONTINENTAL CASUALTY CO;
COLUMBIA CASUALTY CO

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-18-cv-02769)
District Judge:  Honorable Gerald J. Pappert

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2019
Before:  CHAGARES, BIBAS, and GREENBERG, Circuit Judges

(Opinion filed April 22, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Bonnie Cruickshank-Wallace and William Wallace (collectively, Appellants) appeal the District Court's grant of two motions to dismiss: the first pursuant to Federal Rule of Civil Procedure 12(b)(6) based on the doctrine of res judicata and the second pursuant to Rule 12(b)(2) for a lack of personal jurisdiction. For the following reasons, we will affirm.

## I.

This case stems from state court proceedings that had their genesis over twenty years ago. In 1998, a bank sued Appellants in Maryland state court for defaulting on loans and receiving fraudulent conveyances. In 2006, at the close of proceedings in the Maryland state court, Appellants retained Philadelphia firm Klehr, Harrison, Harvey, Branzburg, and Ellers, LLP (Klehr) to sue the bank for abuse of process. That case was removed to federal court and ultimately dismissed.

Immediately following the dismissal, Appellants retained Gerald P. Egan and the Egan Young Law Firm to sue the Klehr firm for legal malpractice in Pennsylvania state court. The court granted summary judgment for the Klehr firm. Appellants then retained James Tupitza to handle the appeal, which was ultimately unsuccessful.

Subsequently, Appellants, proceeding pro se, sued Egan for malpractice.[1] At the same time, Appellants sued Tupitza for malpractice in the Chester County Court of Common Pleas, and eventually amended their complaint to name CNA Financial Corporation

---

[1] Egan was ultimately granted summary judgment.

(CNAF), Continental Casualty Company (Continental), and Columbia Casualty Company (Columbia) as additional defendants. In addition to various malpractice claims against Tupitza, Appellants alleged that CNAF, Continental, and Columbia insured both Tupitza and the Klehr firm, and accused them of concerted tortious conduct, tortious interference with Tupitza's contract, and agency liability for Tupitza's alleged breach of fiduciary duties.

The Common Pleas Court dismissed all claims against CNAF for lack of personal jurisdiction, as the record did not demonstrate that CNAF controlled Continental or Columbia. Dkt. #13-8. The court granted summary judgment in favor of Tupitza because Appellants did not produce an expert witness, which the court concluded was required to show that Tupitza committed legal malpractice.[2] As a result, the court reasoned that the claims against Continental and Columbia also failed, since those "derivative claims could only succeed . . . if the [c]laims against Tupitza were successful." Dkt. #13-6 at 16. The Superior Court of Pennsylvania affirmed the summary judgment. See Cruickshank-Wallace v. CNA Fin. Corp., No. 2403 EDA 2016, 2017 WL 4231601, at *1 (Pa. Super. Ct. Sept. 25, 2017) (not precedential opinion).

Appellants filed the current suit against CNAF, Continental, Columbia, and The Continental Corporation (TCC)[3] (collectively, Appellees) two weeks after the Supreme Court of Pennsylvania denied Appellants' petition for allowance to appeal the state court

---

[2] Appellants had filed a Pa. R. Civ. P. 1042.3(a)(3) certificate of merit certifying that, in their view, proof of Tupitza's alleged malpractice would not require expert testimony.

[3] TCC is an alleged subsidiary of CNAF.

judgment. Appellants later filed an amended complaint, in which they alleged claims virtually identical to those dismissed by the state court: concerted tortious conduct, tortious interference with Tupitza's contract with Appellants, liability in agency for Tupitza's conduct, and liability for causing Tupitza to violate fiduciary duties. Unlike the earlier suit, Tupitza was not named as a defendant.

CNAF, Continental, and Columbia filed a joint motion to dismiss on the grounds of res judicata. TCC filed a separate motion to dismiss for lack of personal jurisdiction, and, alternatively, joined in the other motion to dismiss filed by CNAF, Continental, and Columbia. The District Court granted the motions to dismiss, and Appellants appealed.

**II.**

We have jurisdiction to review the District Court's order pursuant to 28 U.S.C. § 1291. We review de novo the District Court's dismissal based on res judicata and a lack of personal jurisdiction. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018) (Rule 12(b)(6) standard); Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 172 (3d Cir. 2009) (res judicata standard); Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 155 (3d Cir. 2010) (personal jurisdiction standard).

**A. The District Court lacked personal jurisdiction over TCC.**

The District Court concluded that it lacked personal jurisdiction over TCC, and that Appellants did not offer any facts to overcome TCC's defense or rebut TCC's representation that it is a holding company with no presence or operations in Pennsylvania. We agree.

A District Court typically exercises personal jurisdiction according to the law of the

4

state where it sits, in this case Pennsylvania. See Fed. R. Civ. P. 4(k)(1)(A). The Pennsylvania long-arm statute provides for jurisdiction "based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States." 42 Pa. Cons. Stat. Ann. § 5322(b). "Accordingly, in determining whether personal jurisdiction exists, we ask whether, under the Due Process Clause, the defendant has certain minimum contacts with [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007) (alteration in original) (internal quotations omitted).

Here, TCC proffered a sworn affidavit detailing its lack of connection to Pennsylvania. Appellees' Br. 10–11; Dkt. #12-4. Once TCC raised the defense of lack of personal jurisdiction, Appellants bore the burden, by offering affidavits or other competent evidence, to establish that the District Court had general or specific personal jurisdiction over TCC. See O'Connor, 496 F.3d at 316 (noting the two types of personal jurisdiction); Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009).

Accepting all of Appellants' factual allegations as true, see Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002), the only jurisdictional facts alleged are that TCC shares an office and some employees in Chicago with CNAF. See Amended Compl. ¶ 9. Appellants mistakenly assert that 40 Pa. Stat. Ann. § 26 gives Pennsylvania jurisdiction "over any business" that aids in the business of insurance within the Commonwealth.[4]

---

[4] Appellants complain in their brief that the District Court did not address their argument about this statute. However, Appellants grossly misquote and misrepresent the substance of the statute. Compare Appellants' Br. 14, with 40 Pa. Stat. Ann. § 26. In any event, TCC is a holding company which does not engage in the business of insurance such that

5

They also allege, without support, that TCC and the other Appellees are all a part of a "corporate combine." Appellants' Br. 14. We agree with the District Court that these representations fail to carry Appellants' burden to rebut TCC's defense of a lack of personal jurisdiction.

### B. Res judicata bars claims against Continental and Columbia.

The District Court determined that claim preclusion barred the claims alleged against Continental and Columbia. We agree. For claim preclusion, a defendant must show that there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Davis v. Wells Fargo, 824 F.3d 333, 341 (3d Cir. 2016) (quotation marks omitted).

Appellants raise two arguments on appeal. First, they argue that the causes of action are not the same because their suit in state court alleged negligent malpractice on the part of Tupitza, whereas, here, they are alleging intentional torts on the part of Continental and Columbia. Appellants' Br. 18. However, a mere change in the legal theory under which Appellants now pursue their claims will not prevent the application of the doctrine of res judicata. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 277 (3d Cir. 2014) (noting we take a "broad view" when considering what constitutes the same cause of action, and whether res judicata applies turns on the "essential similarity" of the underlying events giving rise to the legal claims). Here, Appellants' current claims are derived from the same set of underlying facts as their prior claims, and the witnesses and documents necessary for

---

the statute, as it is represented by Appellants, would even apply.

6

trial are also the same. See id. (noting the factors we consider when analyzing essential similarity). Even if we did not view their claims as essentially the same, it is clear Appellants *could have* brought these intentional tort claims in the state court suit. See id. (noting res judicata bars not only claims brought in previous litigation, but also *claims that could have been brought*).

Second, Appellants argue the state court decision was based on a "technicality" rather than a final judgment on the merits. Appellants' Br. 17–18. They maintain that the court never reached the merits of their claims since it determined that expert testimony was necessary but ultimately precluded, due to Appellants' binding Pa. R.C.P. 1042.3(a)(3) certificate of merit. See Pa. R. Civ. P. 1042.3(a)(3). Appellants' "technicality" argument ignores their election to pursue their claims in this manner, and, under Pennsylvania law, that election was binding and dispositive of the merits of their claims. See McCool v. Dep't of Corr., 984 A.2d 565, 571–72 (Pa. Commw. Ct. 2009) (noting certificates of merit are binding, and because the plaintiff could not pursue his claim without the aid of expert testimony, his complaint failed to state a claim), as amended (Oct. 28, 2009); see also Hubicki v. ACF Indus., Inc., 484 F.2d 519, 524 (3d Cir. 1973) (noting "the law is clear that summary judgment is a final judgment on the merits sufficient to raise the defense of res judicata in a subsequent action between the parties").

Moreover, their argument ignores the fact that the Superior Court of Pennsylvania looked at the underlying merits of the claims and determined that Appellants failed to carry their burden in pursuing their malpractice action under Pennsylvania law. See Cruickshank-Wallace, 2017 WL 4231601, at *4 ("Appellants have completely overlooked that

they must prove the merits of their case within a case."); <u>see also</u> <u>Heldring v. Lundy Belde-cos & Milby, P.C.</u>, 151 A.3d 634, 641–42 (Pa. Super. 2016) (noting a plaintiff alleging legal malpractice in Pennsylvania must establish that he would have recovered a judgment in the underlying action). Thus, the state court's ruling was not based on a "technicality"; rather, it looked at the underlying merits of the claims and determined that Appellants failed to carry their burden in pursuing their malpractice action under Pennsylvania law. Accordingly, we agree with the District Court that the earlier state court ruling precluded Appellants' claims against Continental and Columbia.

### C. Issue preclusion bars re-litigating personal jurisdiction over CNAF.

Finally, the District Court determined that it lacked personal jurisdiction over CNAF, as that issue had been previously litigated in the state court proceedings.

Issue preclusion ensures that "'once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.'" <u>Burlington N. R. Co. v. Hyundai Merch. Marine Co.</u>, 63 F.3d 1227, 1231 (3d Cir. 1995) (quoting *Montana v. United States,* 440 U.S. 147, 153 (1979)). A court will apply issue preclusion when: "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." <u>Id.</u> at 1231–32 (internal quotation marks omitted). "It is well settled that the principles of res judicata apply to the issue of [personal] jurisdiction in the same manner as any other issue." <u>Kendall v. Overseas Dev. Corp.</u>, 700 F.2d 536, 538 (9th Cir. 1983).

Here, after CNAF submitted preliminary objections as to personal jurisdiction, the Court of Common Pleas of Chester County sustained those objections and dismissed the claims against CNAF. Dkt. #13-8. On appeal, Appellants do not dispute that the District Court properly applied factors 2, 3, and 4 noted above. Rather, they contest factor 1, arguing that there is a factual difference between the state court suit and the current suit. Appellants' Br. 18–19. Citing to paragraph 9 in their amended complaint, they argue that Continental controls CNAF, whereas in the state court suit, they alleged CNAF controlled Continental. However, paragraph 9 clearly states that CNAF's financial statement "incorporates all operations of wholly owned subsidiary[y] Continental[.]"[5] Amended Compl. ¶9. Indeed, comparing the pleadings in both actions reveals that Appellants did not allege new jurisdictional facts in the District Court sufficient to warrant re-litigating the jurisdictional issue. See Kendall, 700 F.2d at 539 ("Comparing the pleadings in both the state and federal courts indicates that [the plaintiff] did not make any new allegations in the federal court that would support a result different from that in the state court."). Accordingly, we find no error in the District Court's determination on this issue.

## III.

For the foregoing reasons, we will affirm the District Court's judgment. After considering Appellants' opposition, we also grant Appellees' motion to file a supplemental appendix.

---

[5] The first page of the amended complaint also clearly states that Continental is a "wholly owned subsidiar[y]" of CNAF. Amended Compl. at 1.