**SCOPIA MORTGAGE CORPORATION and Federal Deposit Insurance Corporation as Receiver of Security Savings Bank, SLA and Security Federal Savings Bank, Plaintiffs/Counterclaim Defendants,**

v.

**GREENTREE MORTGAGE COMPANY, L.P., Defendant/Counterclaim Plaintiff.**

**Civil No. 94–1197 JBS.**

United States District Court, D. New Jersey.

Dec. 22, 2000.

Robert J. Gilson, Esq., Riker, Danzig, Scherer, Hyland & Perretti, LLP, Morristown, NJ, and Marie D. Nardino, Esq., Federal Deposit Insurance Corporation, New York City, for Plaintiffs/Counterclaim Defendants.

Glenn A. Harris, Esq., Ballard Spahr Andrews & Ingersoll, Voorhees, NJ, and Leigh R. Isaacs, Esq., Isaacs & Evans, LLP, New York City, for Defendant/Counterclaim Plaintiff.

## OPINION

SIMANDLE, District Judge.

### I. *INTRODUCTION*

This Opinion addresses the motion of plaintiffs/counterclaim defendants to dismiss all remaining counterclaims against them. This case, which began in 1994, involves a 1992 transaction in which defendant/counterclaim plaintiff Greentree Mortgage Company, L.P. ("LP") purchased most of the assets and assumed most of the liabilities of plaintiff/counterclaim defendant Greentree Mortgage Company, now known as Scopia Mortgage Company ("GMC"). Following extensive motion practice over the years, only certain of LP's counterclaims remained for trial. By agreement of the parties, one aspect of the case—pertaining to the availability and amount of damages upon LP's breach of contract claim—was tried before the Court sitting without a jury on November 30, December 1, December 14, and December 15, 1998. The trial involved a dispute arising from a complex transaction between the parties, in which defendant LP counterclaimed against plaintiffs for damages allegedly suffered for breach of contract. LP alleged that GMC misstated or misrepresented the nature of a New Jersey tax liability which it carried on its books, such that LP overpaid upon the

purchase by the amount of this past due tax liability in the sum of $1,543,923.45. Although GMC had not accurately characterized the New Jersey tax liability upon its books—it was a past due liability and not a deferred tax liability as indicated—the Court found after trial that the misstatement did not cause LP to pay any more for the assets and liabilities of GMC which it acquired and as contemplated by the parties themselves. The Court's post-trial findings of fact and conclusions of law were entered on August 22, 2000.

The history of this litigation may be summarized as follows. Plaintiff GMC originally brought this lawsuit against LP on March 14, 1994. The Complaint alleged that defendant LP improperly received $939,696.16 more in cash than it was due at closing and improperly retained certain funds from mortgage payments it was obligated to forward to plaintiff. The Complaint asserted claims of breach of contract, unjust enrichment, and civil conversion. Defendant LP counterclaimed, alleging plaintiffs fraudulently misrepresented the nature of GMC's New Jersey tax liability, calling it a deferred tax liability instead of taxes past due, which allegedly constituted a breach of the Purchase Agreement and caused defendant to pay an inflated purchase price for GMC's assets by $1,543,923.45. LP's counterclaims included fraudulent inducement to pay $1,543,923.45, negligent misrepresentation that the $1,543,923.45 was a deferred tax liability, misrepresentation of the nature of the tax liability, and breach of contract. LP also included a claim for attorneys' fees.

In an Opinion and Order dated September 22, 1994, the Court granted defendant's motion to dismiss plaintiffs' claims arising from the alleged overpayment at closing of $939,696.16.[1] Plaintiffs' remain-

---

1. The Court's September 22, 1994 Opinion and Order concluded as a matter of the law

that the parties' Restatement Asset Purchase

ing claims were dismissed by stipulation of the parties. Only LP's counterclaims remained.

In an Opinion and Order dated June 25, 1998, this Court addressed various motions which the parties filed with regard to LP's counterclaims. The Court denied plaintiffs' motion for summary judgment on defendant's First, Second, Third, Fourth, Fifth, and Seventh Counterclaims. The Court granted in part defendant LP's motion for summary judgment on its Fifth Counterclaim for breach of contract, to the extent that the Court found that plaintiffs' representation of GMC's New Jersey State tax liability as "deferred" on Schedule 2–9 to the Purchase Agreement was incorrect and material to the Purchase Agreement and constituted a breach of that Agreement as a matter of law. However, the Court denied in part defendant LP's motion for summary judgment on its Fifth Counterclaim to the extent to which LP sought summary judgment granting it damages. The Court found material disputes of fact precluded the finding that the breach had caused LP to suffer any damages or to fail to receive the full benefit of the bargain. Additionally, this Court denied LP's motion for summary judgment on its Sixth Counterclaim (for fees in defending against plaintiffs' claims) and granted plaintiffs' motion for summary judgment on that same counterclaim, such that plaintiffs were not liable for fees LP incurred in defending against plaintiffs' claims.

By agreement of the parties, this case went forward to trial solely on the issue of whether LP suffered damages, such that this Court could completely resolve LP's Fifth Counterclaim for breach of contract. The Court found that LP did not prove that the contractual misstatement of the nature of the tax liability caused LP to suffer damages and entered judgment in favor of GMC on the Fifth Counterclaim (breach of contract). The Court's findings of fact and conclusions of law judgment was entered on August 22, 2000.

Presently before this Court is the motion of the plaintiffs/counterclaim defendants to dismiss LP's five remaining counterclaims, specifically the First (fraud), Second (fraudulent concealment), Third (negligent misrepresentation), Fourth (misrepresentation), and Seventh (for attorney's fees) and for entry of a final judgment in this matter. The counterclaim defendants, movants herein, are collectively referred to as "GMC," because the interests of GMC and FDIC are the same for purposes of defending these counterclaims. The arguments of the parties, asserted in their briefs and during a November 21, 2000 telephone conference, are straightforward. GMC argues that because the Court, in its August 22, 2000 findings of fact and conclusions of law, determined that LP suffered no damages as a result of the contractual misstatement that led to this litigation, issue preclusion prevents further consideration of defendant's remaining counterclaims, all of which require a finding of damages arising from that misstatement to succeed. LP argues that issue preclusion does not bar litigation of the remaining counterclaims because the only issue determined by this Court was whether LP paid $1,543,923.45, the amount alleged to be in excess of the actual price of the transaction. Alterna-

---

Agreement did not provide for recovery of $939,696.16 in cash because the Agreement did not include that amount as an "Assumed Liability." (9/22/94 Slip Op. at 6.) In an Opinion and Order dated September 29, 1999, this Court denied plaintiffs' motion for

revision of that aspect of the September 22, 1994 Opinion and Order, finding that it was not clear that error was committed or that manifest injustice would result if the order was not altered. (9/29/99 Slip Op. at 2–3.)

tively, LP argues that even if this Court ruled that LP suffered no compensatory damages, claims for punitive and nominal damages could still lie against GMC, and therefore be the damages basis required for the remaining counterclaims. For the reasons discussed herein, plaintiffs' motion to dismiss defendant's remaining counterclaims will be granted and, because no further issues remain to be decided in this case, final judgment will be entered.

## II. *DISCUSSION*

### A. *The December, 1998 Trial*

Following the four-day bench trial on the breach of contract counterclaim, the Court made the specific finding that "not only did LP not have to pay $1,543,923.45 under the terms of the contract itself, but subsequent events show that it did not in fact pay that amount as it alleged." *Scopia Mortgage Corporation v. Greentree Mortgage Co.*, No. 94–1197, slip op. at 18 (D.N.J. Aug. 22, 2000). The Court additionally concluded that:

> **LP was not damaged** because ... it did not in fact pay $1,543,923.45 of its own money to [Security Savings Bank, SLA] to cover the state tax liability. It bargained, as shown as far back as the Letter of Intent, to be free from the tax liability, and it was.... **Moreover, even if LP had paid $1,543,923.45, it still was not damaged.** LP is not responsible for the New Jersey state tax liability ... and it was stipulated that such liability remained with GMC.

*Id.* at 28–29 (citations omitted, emphasis added). The Court summarized its ultimate finding to be "that this misstatement did not cause LP to pay any more for the assets and liabilities of GMC which it acquired and as contemplated by the parties themselves." (*Id.* at 2.) Because the Court found that LP incurred no damages, nominal, compensatory or otherwise, as a result of GMC's breach, and because damages is

a necessary element for a breach of contract cause of action, (*id.* at 34), the Court made the legal conclusion that LP had not met its burden of proof on its Fifth Counterclaim for breach of contract and dismissed the counterclaim with prejudice, finding as its verdict "that the Defendant/Counterclaim Plaintiff has suffered no damages and is entitled to no recovery upon this claim." (Judgment filed Aug. 22, 2000.)

### B. *Issue Preclusion—Damages*

GMC argues that defendant LP is precluded from relitigating the issue of damages flowing from its breach of contract claim related to its state tax liability status because that very issue was adjudicated with finality during the December, 1998 bench trial in this Court. This Court having found that LP suffered no damages related to the misstatement in the contract, plaintiffs argue, defendant's remaining counterclaims, each of which requires proof of damages arising from the misstatement of tax liability as an essential element, should be dismissed. Defendant attempts to narrowly define the issues tried and decided at the December, 1998 bench trial as: 1) whether LP paid the $1,543,923.45 and 2) whether LP suffered compensatory damages. Because these were the only issues tried, argues defendant, the court can now litigate the issues of nominal and punitive damages. Defendant additionally argues that the remaining counterclaims should be heard because the Court previously refused to grant summary judgment in favor of plaintiffs on those counterclaims, *see Scopia Mortgage Corp. v. Greentree Mortgage Co., L.P.*, No. 94–1197, slip op. at 20 (D.N.J. Jun. 25, 1998), and therefore no trial on the merits of those claims has occurred.

█ Generally, when an issue of fact or law is litigated and determined by a valid and final judgment, and the determination is essential to the judgment, that determi-

nation is conclusive in a subsequent action between the parties even if a different claim is involved. Restatement (Second) of Judgments § 27 (1982). Issue preclusion "precludes the relitigation of an issue that has been put in issue and directly determined adversely to the party against whom the estoppel is asserted." *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F.Supp. 200, 211 (D.N.J.1993) (citations omitted); *see Kitces v. Wood*, 917 F.Supp. 338, 341 (D.N.J.1996). This doctrine may be invoked to preclude the relitigation of an issue when:

    (1) the identical issue was decided in a prior adjudication;

    (2) there was a final adjudication on the merits;

    (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and

    (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question [in the prior matter].

*Tonka Corp.*, 836 F.Supp. at 211 (citing *Board of Tr. of Trucking Employees of North Jersey Welfare Fund, Inc. v. Centra*, 983 F.2d 495, 505 (3d Cir.1992) (citations omitted)). The issue sought to be precluded must have been " 'distinctly put in issue' and 'directly determined' adversely to the party against which the estoppel is asserted." *Tonka Corp.*, 836 F.Supp. at 211 (citing *New Jersey–Philadelphia Presbytery v. New Jersey State Bd. of Higher Educ.*, 654 F.2d 868, 876 (3d Cir.1981)(quotations omitted)).

◼ In the present case, it is undisputed that the December, 1998 bench trial resulted in a final judgment on the merits involving the same parties. The trial included the full opportunity and incentive to explore every aspect of LP's assertion that it suffered harm from the misstatement of the type of tax liability. Furthermore, defendant does not dispute the fact that it had a full and fair opportunity to vigorously litigate the issue of damages during the December, 1998 breach of contract trial. The Court heard numerous witnesses and received voluminous records into evidence regarding the disputed harm to LP. The parties disagree only on the precise scope of the damages issue litigated in December, 1998. Issue preclusion only bars relitigation of an issue if it is identical to an issue decided in a prior adjudication after the parties had a full and fair opportunity to litigate that issue. *Tonka Corp.*, 836 F.Supp. at 212.

◼ The issue of what, if any, damages resulted from the misstatement regarding the state tax liability status of GMC in the contract between the parties, as discussed in section A above, was litigated before this Court in December, 1998 during the bench trial of defendant's breach of contract counterclaim. This Court devoted an entire section of its findings of fact and conclusions of law to explaining the finding that LP was not damaged. First, it was found that LP was not damaged because LP did not pay the $1,543,923.45 as they originally asserted and second, LP was, in fact, free from state tax liability in any event. The Court found no merit in LP's assertion that it would not have done this deal in this form if the true characterization of the tax liability had been given. The Court did not limit its findings to compensatory damages and actually decided that LP sustained no damages, nominal, compensatory or otherwise, as a result of the misstatement in the contract.

Defendant's argument that it is nonetheless entitled to nominal damages as a matter of law and punitive damages [2] pursuant

---

**2.** Both parties refer to the New Jersey Punitive Damages Act, *N.J.S.A., 2A:15–5.13(c)* (the "Act"), which requires an award of compensatory damages prior to imposition of punitive damages. Plaintiff argues that the Act

to their remaining counterclaims for fraud, fraudulent concealment, negligent misrepresentation, and misrepresentation is incorrect. This Court considered what the amount of damages for the breach was and determined that there were no damages, including nominal damages, because the misrepresentation caused no harm whatsoever, including nominal harm. Further, LP cannot resurrect its claim for damages after the trial is over by asserting a claim for nominal damages when the trial itself provided the forum to assert such a claim. LP got what it paid for—to be free of state tax liability—for the agreed upon consideration. The issue of damages was central to the court's ruling on defendant's fifth counterclaim for breach of contract. Damages were distinctly put in issue and it was determined that no damages arose from the contract misrepresentation, and therefore no claim for breach could succeed.

### C. Defendant's Remaining Counterclaims

The next question that this Court must answer is whether the Court's previous finding of no damages necessarily extinguishes all of the remaining counterclaims, which require damages as an element. Without reviewing the full merit of defendant's fraud, fraudulent concealment, negligent misrepresentation, and misrepresentation claims, the Court must dismiss those counterclaims because each requires proof of damages to make out a prima facie case, and because damages cannot be relitigated, such claims cannot succeed.

Defendant's remaining counterclaims all require proof of damages. *See Kaufman*

v. *i-Stat Corp.,* 165 N.J. 94, 109, 754 A.2d 1188 (2000)(quoting *Gennari v. Weichert Co. Realtors,* 148 N.J. 582, 610, 691 A.2d 350 (1997)("The five elements of common-law fraud are: (1) a material misrepresentation . . .; (2) knowledge or belief by defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages")); *Khan Defined Benefit Pension Plan v. Moorestown Twp.,* 243 N.J.Super. 328, 335, 579 A.2d 366 (1990)(elements necessary to prove fraudulent concealment are: the concealment or nondisclosure of a material fact or defect not readily observable, with reliance upon that concealment to his detriment); *H. Rosenblum, Inc. v. Adler,* 93 N.J. 324, 334, 461 A.2d 138, 142–42 (1983)("Negligent misrepresentation" is "[a]n incorrect statement, negligently made and justifiably relied upon" and "may be the basis for recovery of damages for economic loss or injury sustained as a consequence of that reliance."); *Holmin v. TRW, Inc.,* 748 A.2d 1141, 1145, 330 N.J.Super. 30, 36 (App.Div.2000)(requiring damages for deceit or misrepresentation).

Because this Court determined that there was no legal harm flowing from the misstatement in the contract, and therefore no damages, and that issue may not be relitigated due to preclusion, defendant cannot prove any of the remaining counterclaims, *all of which arose solely from the same misstatement in the contract.* Having suffered no cognizable detriment, LP cannot, as a matter of law, recover for fraud, fraudulent concealment, negligent

should apply to defendant's amended counterclaims, which were filed ten months after the Act's effective date. (Pls.' Br. at 13.) Defendant argues that the Act does not apply because the amended counterclaim pleading relates back to the date of the original pleading. (Defs.' Br. at 9.) This Court need not decide the issue of whether the Act applies to the

pleadings in this case. After the trial in December, 1998, this Court determined that LP suffered no damages of any sort as a result of the misstatement in the contractual language. There were no damages found because the misstatement caused no invasion of a legal right, except perhaps the abstract right to have a perfect contractual document.

misrepresentation, or misrepresentation involving the contract's characterization of the state tax liability. Each of the remaining counterclaims fails because LP cannot relitigate the essential element of any resulting damages or harm to LP. Counterclaims One through Four will therefore be dismissed.

 Furthermore, in order to obtain attorney's fees, the party seeking such an award must show as a threshold issue that they prevailed and that there is a basis for such an award in the law. *North Bergen Rex Transport, Inc. v. Trailer Leasing Co.*, 158 N.J. 561, 570–71, 730 A.2d 843, 848–49,(1999)(citing *Singer v. State*, 95 N.J. 487, 494, 472 A.2d 138 (1984)). Defendant did not prevail on its Fifth counterclaim and cannot prevail on its remaining claims, so the Seventh counterclaim for attorney's fees must also be dismissed.

## III. *CONCLUSION*

Because it has been found that defendant/counterclaim plaintiff Greentree Mortgage Company, L.P., did not suffer any damages related to the misstatement of the type of GMC's tax liability in the contract between it and GMC, and because a finding of damages is a necessary element to each of its remaining (First, Second, Third, Fourth and Seventh) counterclaims, the motion of plaintiffs/counterclaim defendants GMC and FDIC to dismiss the remaining counterclaims will be granted and, there being no other issues left to be determined in this case, final judgment will be entered. The accompanying order is entered.

### *ORDER*

This matter having come before the Court upon the motion of plaintiffs/counterclaim defendants to dismiss the remaining counterclaims and enter final judgment; and

The Court having considered the submissions of the parties; and for the reasons stated in the Opinion filed today;

IT IS this day of December, 2000 hereby

ORDERED that this motion to dismiss the remaining counterclaims shall be, and hereby is *GRANTED* and the First, Second, Third, Fourth and Seventh Counterclaims are hereby *DISMISSED*; and

IT IS FURTHER ORDERED this constitutes the final judgment, no claims remaining to be determined. No costs.