

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-22-2003

# Scopia Mtg Corp v. Greentree Mtg Co

Precedential or Non-Precedential: Non-Precedential

Docket 01-1186

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Scopia Mtg Corp v. Greentree Mtg Co" (2003). *2003 Decisions*. Paper 870.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/870

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————————

No. 01-1186

————————————

SCOPIA MORTGAGE CORPORATION; FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver of Security Savings Bank, SLA and Security Federal Savings
Bank,

v.

GREENTREE MORTGAGE COMPANY, L.P.,

Appellant

————————————

On Appeal from the United States District Court
for the District of New Jersey.
(Civil Action No. 94-cv-01197).
District Judge: Judge Jerome B. Simandle

————————————

Argued Pursuant to Third Circuit LAR 34.1(a)
December 10, 2002

————————————

Before FUENTES, GARTH, Circuit Judges, and WALLACH, Judge[1]

(Opinion Filed:  January 22, 2003)

———————

[1] The Honorable Evan J. Wallach, United States Court of International Trade, sitting
by designation.

Leigh R. Isaacs (argued)
Isaacs & Evans, L.L.P.
10 East 39th Street - Suite 531
New York, NY 10016

Glenn A. Harris
Ballard Spahr Andrews & Ingersoll
Plaza 1000 - Suite 500
Main Street
Vorhees, New Jersey 08043

Attorneys for Appellant

Jaclyn C. Taner (argued)
Colleen J. Boles
Jeannette E. Roach
Federal Deposit Insurance Corporation
801 17th Street, N.W. Room H-2012
Washington D.C. 20434

Marie D. Nardino
Federal Deposit Insurance Corporation
20 Exchange Place, 6th Floor
New York, NY 10005

Robert J. Gilson
Riker, Danzig, Scherer, Hyland & Perrett,
          L.L.P.
One Speedwell Avenue
P.O. Box 1981
Morristown, N.J. 07962

Attorneys for Appellees

_____

OPINION

_____

2

GARTH, <u>Circuit Judge</u>:

Defendant-Appellant Greentree Mortgage Company, L.P. ("LP") appeals the District Court's grant of judgment to plaintiffs-appellees Scopia Mortgage Corporation and the Federal Deposit Insurance Corporation (collectively, "Scopia") on LP's breach of contract claim. LP also appeals the District Court's order in favor of Scopia – which order denied LP's claim for attorneys' fees incurred in connection with Scopia's claim for $939,696.16.

LP asserted that it had established its breach of contract claim and that it had proved that it suffered damage of $1,543,923.45. LP also alleged that Scopia owed it attorneys' fees pursuant to the "Seller's Indemnity" in the contract because it was obliged to defend against Scopia's original suit for the $939,696.16 erroneously paid at closing.

We will affirm.

**I.**

Because we write solely for the benefit of the parties who are well acquainted with the facts, we recount the facts and procedural history of the case only as they are relevant to the following discussion.

This case arose from a dispute over the purchase of Scopia's assets by LP in which LP was to assume only certain liabilities. After the closing on November 17, 1992, Scopia filed a suit against LP alleging that LP improperly received $939,696.16 more in cash than it was due at the closing. In an order entered on September 27, 1994, the District Court

dismissed Scopia's claim.[2]

LP had counterclaimed for attorneys' fees, provided by the contract's "Seller's Indemnity," because it was compelled to defend Scopia's suit for the $939,696.16. LP also counterclaimed that Scopia misrepresented the status of Scopia's state tax liability in the amount of $1,543,923.45.[3] In addition, LP also asserted claims of fraud, fraudulent concealment, misrepresentation and negligent misrepresentation, with respect to the $1,543,923.45.

The District Court entered an opinion and order on June 26, 1998, granting Scopia summary judgment on LP's claim for attorneys' fees with respect to the $939,696.16. It ruled that because Scopia's claim for the mistake in payment[4] did not arise from any "inaccuracy" or "misrepresentation" in any "Operative Document," such that it would be covered under the "Seller's Indemnity" in the contract, that LP was not entitled to attorneys' fees.[5] In that opinion and order, the District Court also granted partial summary judgment to LP on its breach of contract claim, ruling that Scopia's misrepresentation about its tax liability of $1,543,923.45 as being "deferred," when in fact it was "past due,"

---

[2] Scopia's appeal from the District Court's order had been withdrawn on June 17, 2002.

[3] The Scopia-LP contract had warranted against material misrepresentations of fact in the contract.

[4] As earlier noted, the District Court had ruled against Scopia when Scopia sought to recover the overpayment of $939,696.16.

[5] At oral argument, we questioned LP on this counterclaim. No argument was made by LP with respect to LP's attorneys' fees claim and we hold it meritless.

was a material misrepresentation. Thus, the District Court had concluded at that time that the characterization of Scopia's tax liability constituted a technical breach of the contract's express warranty that the contract contained "no untrue statement of material fact." The District Court, however, finding a material dispute of fact as to the element of damages, required a trial to determine whether LP had in fact suffered damage by reason of this mischaracterization.

After a four day bench trial in 1998 held to determine whether LP had suffered damage, and thus could support its breach of contract claim, the District Court granted judgment to Scopia. In its opinion filed on August 23, 2000, the District Court found from the evidence at trial, that: (1) LP did not have to pay the $1,543,923.45 tax liability with its own monies; (2) it did not so pay the tax liability, and (3) even if it had paid the $1,543,923.45, which it did not, it had received what it had contracted for under the plain terms of the contract – to be free of tax liability. Thus, LP had not paid the claimed $1,543,923.45 and accordingly, suffered no damage.

In an order entered on December 26, 2000, the District Court dismissed LP's remaining counterclaims for fraud, fraudulent concealment, negligent misrepresentation, misrepresentation and attorneys' fees, all with respect to the aforementioned $1,543,923.45 claim.

This timely appeal followed.

## II.

We review a district court's findings of fact under the clearly erroneous standard,

5

*United States v. Igbonwa,* 120 F.3d 437, 440 (3d Cir. 1997), and conclusions of law *de novo. Henglein v. Colt Indus. Operating Corp.*, 260 F.3d 201, 208 (3d Cir. 2001). Our review of a district court's decision on summary judgment is plenary. *Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 566 n.3 (3d Cir. 2002). On review, we are required to apply the same test the district court should have utilized initially. *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1542, 1530-31 (3d Cir. 1990). We have jurisdiction to hear LP's appeal pursuant to 28 U.S.C. § 1291.

### III.

For substantially all of the reasons so ably expressed by the District Court in its comprehensive opinion, found at *Scopia Mortgage Corp. v. Greentree Mortgage Co., L.P.,* No. Civ. 94-1197, 2000 WL 33951503, __ F. Supp. 2d __ (D.N.J. Dec. 22, 2000), we will affirm the District Court's judgment in favor of Scopia and against LP holding that LP is not entitled to either the $1,543,923.45 respecting Scopia's tax liability, nor is it entitled to attorneys' fees for defending against Scopia's claim for $939,696.16, which LP had received by mistake and has retained.[6]

TO THE CLERK:

---

[6] LP claimed that the District Court violated the "law of the case doctrine" by granting partial summary judgment on the breach of contract claim to LP and then ultimately granting judgment to Scopia on this claim. We hold that claim to be meritless. *See Williams v. Runyan,* 130 F.3d 568, 572-73 (3d Cir. 1997).

Please file the foregoing opinion.


/s/ Leonard I. Garth
Circuit Judge